## MYERS ET AL. v. REYNOLDS.

[No. 7,464.   Filed March 9, 1911.]

1. TRIAL.—*Special Findings.—Conclusion of Law.—Exceptions.*—By excepting to conclusions of law all facts within the issues contained in the special findings are admitted as true.  p. 236.

2. BOUNDARIES.—*Surveys.—Failure of Surveyor to Record.*—The failure of a county surveyor to make any record of a boundary line surveyed by him invalidates such survey.  p. 236.

3. BOUNDARIES.—*Special Findings.—Conclusions of Law.*—Special findings showing that the deeds of adjoining proprietors called for the section line as the boundary, that neither they, nor their grantors, had agreed upon any other boundary line, that none of the parties was estopped from claiming the section line as the boundary line and that the prior and present surveys are void, sustain a conclusion of law that the section line is the true boundary line.  p. 237.

4. BOUNDARIES.—*Surveys.—Setting aside.—Appeal.*—Where parties appealed from a survey and the circuit court, on appeal, set aside such survey, the finding is in their favor, and they may not assign error thereon.  p. 237.

5. BOUNDARIES.—*Evidence.—Surveys.—Estoppel.* — Evidence that the deeds of adjoining proprietors call for the section line as the boundary line, that a prior survey was made and a line run, but no record was made thereof, and that the eastern proprietor had cut timber west of such line and had afterwards paid for it. does not alone overthrow a finding that such survey was illegal, since all other evidence in the case must be considered in determining such question.  p. 237.

6. BOUNDARIES.—*Occupancy.—Evidence.*—In an appeal from a survey, evidence of the occupancy of land does not show the true boundary, where no prescriptive right is claimed.  p. 238.

7. BOUNDARIES.—Surveys.—Appointment of Surveyor.—How Ques-
tioned.—Assignment of Errors.—The improper appointment of a
surveyor by the court, in an appeal from a survey, constitutes
a ground for a new trial, and cannot be assigned as error on
appeal. p. 238.

8. BOUNDARIES.—Surveys.—Appointment of Surveyor.—Conclusions
of Law.—An exception to a conclusion of law for the appoint-
ment of a surveyor to establish a boundary line for lands and
the corners thereof, raises no question, such appointment being
made in obedience to statute (§9519 Burns 1908, Acts 1901 p.
160), and not from any facts contained in the special findings.
p. 238.

9. APPEAL.—Harmless Error.—Boundaries.—Appointment of Sur-
veyor.—The alleged improper appointment of a surveyor to lo-
cate a boundary line is harmless, where his only duty was to
carry out the order of the court in placing monuments at desig-
nated points and in running the line as directed. p. 239.

From Washington Circuit Court; *Thomas B. Buskirk*,
Judge.

Appeal by Sarah E. Myers and others against Henry G.
Reynolds from a survey. From a judgment for appellee,
appellants again appeal. *Affirmed.*

*Harvey Morris* and *Mitchell & Mitchell*, for appellants.
*Willard H. Voyles* and *Hottel & Hottel*, for appellee.

ADAMS, J.—Appellants in this case appealed from a sur-
vey made of the boundary line dividing the lands of appel-
lants and appellee, made by Benjamin F. Gilstrap, surveyor
of Washington county, Indiana.

The surveyor made out a transcript of his record, together
with field notes of such survey, and filed it in the office of the
clerk of the Washington circuit court, which transcript con-
stituted the complaint, and purports to be a survey of the
section line dividing fractional sections fifteen and twenty-
two from fractional sections sixteen and twenty-one, town-
ship four north, range three east, in said county.

The issues tendered and determined in the case were the
correctness of the survey appealed from, and whether appel-

lee was estopped from asserting that the section line was the true boundary line. Pursuant to request, the court made a special finding of facts and stated conclusions of law thereon.

The finding of facts, in brief, shows that the lands now owned by appellee were in 1886 owned by John Elliott, and that the true line dividing appellants' and appellee's lands was the section line; that said section line had no monuments or known corners, and the location of said line was unknown, and had been in dispute for twenty years by the parties owning the real estate abutting thereon; that said line was surveyed in December, 1886, by William C. McCoskey, surveyor of Washington county, but said surveyor did not establish nor locate any corners, and did not make any record of the line or survey so made by him; that at the time of the survey in 1886, Elliott, the then owner, occupied lands west of the line surveyed as the section line and several rods west of the line between said lands now occupied by the parties hereto; that said Elliott had cut timber on said land west of the line fixed by said survey, and after said survey Elliott paid for timber so cut, but never at any time consented or agreed that the line fixed by said surveyor was the true section line dividing said sections; that Elliott in 1892 sold said lands to James H. Reynolds; that in 1893 said Reynolds, without any notice to appellants, had a further survey made by said McCoskey, and that the line of survey in 1893 was west of the line of survey in 1886, but no corners were established and no record made of said survey; that afterwards James H. Reynolds sold said lands to appellee, and in November, 1906, appellee, after notice to appellants, procured another survey to be made by Benjamin F. Gilstrap, surveyor of Washington county; that the Gilstrap survey located the section line some distance west of the lines of both former surveys made by McCoskey; that Gilstrap established corners and made a record of said survey, but that the record was not made as provided by law; that within thirty days appellants herein took an appeal

from said survey to the Washington Circuit Court; that neither appellee nor his remote grantors at any time entered into any agreement in regard to said boundary line, but they have at all times claimed that the section line was and is the true boundary line; that neither appellee nor any of his grantors has at any time done anything or said anything by which they could be estopped from claiming that the section line, wherever it may be located, is the true dividing line between the lands in dispute.

The court stated as conclusions of law that the Gilstrap survey was illegal; that the section line was the true boundary line between the lands of the parties, and stated where the corners thereof should be located. The court ordered John D. Mitchell, surveyor of Floyd county, Indiana, to locate and perpetuate such line and corners in accordance with said conclusions, by marking said corners as required by law. The court further stated as a conclusion of law that appellee was not estopped from claiming any lands east of the section line. Appellants excepted to each conclusion of law, and filed their motion for a new trial, stating as grounds therefor that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that each of the special findings of fact is not sustained by sufficient evidence and is contrary to law.

1. By their exceptions to the conclusions of law appellants admit that all the facts were fully and correctly found which were within the issue presented. *Kisling* v. *Barrett* (1904), 34 Ind. App. 304.

2. The court having found that the survey made in 1886 was insufficient, for the reason that the surveyor did not locate or establish any corners and made no memoranda or record of the line or survey made by him, the authorities cited by appellants are not in point. The law provides for the steps to be taken in making a survey, and they must be made in conformity with the statute, other-

wise such survey will have no binding force. *Curless* v. *State* (1909), 172 Ind. 257.

3. There was no error in the conclusions of law stated by the court.

4. The error assigned on the overruling of appellants' motion for a new trial calls in question the sufficiency of the evidence to sustain the findings. The court found that the Gilstrap survey, from which appellants appeal, was illegal, and this was a finding in their favor.

5. It is urged that finding six is not supported by the evidence, in that it declares the true boundary line between the lands of the parties to be the section line. The deeds conveying the lands adjoining on both sides of the disputed line were introduced in evidence, and the description therein set out shows that the section line was the boundary line between the properties, and this line is still the boundary line, unless afterwards changed by agreement or by estoppel. Appellants, however, insist that the true boundary line between the lands of the parties was fixed and established by the survey made by McCoskey in 1886, and while that line was surveyed for the section line, yet if in fact the survey did not locate or show the section line, still the line as surveyed is, under the evidence, the true boundary line at this time; that whether the survey is considered as establishing the true boundary line, or is for the purpose of locating the section line, the survey was final for either purpose, and no subsequent survey could change it. In this contention appellants are clearly in error. Other elements would have to be present in order to bind appellee. It is claimed that finding eight of the court, that Elliott, appellee's remote grantor, never at any time consented or agreed that the line fixed by said survey of 1886 was the true section line, is contradicted by the fact that Elliott had cut timber on said lands west of the line fixed by said survey, and

after the survey Elliott had paid for timber so cut. It is not disclosed how far west of the line the timber was located which was cut by Elliott, and we do not think that a party would be precluded from claiming to the true boundary line by such acts. Evidence upon this question must be considered with all of the evidence given in the cause, and whether Elliott did at any time agree that the line fixed by said survey of 1886 was the true section line was a question of fact to be determined by the court from all the evidence given in the cause.

The other questions presented and relied upon to sustain the motion for a new trial relate to estoppel. It is claimed that Elliott made certain declarations with reference

6. to the boundary line, and that he cultivated the land up to a fence which the findings show was located near the McCoskey survey. As no prescriptive title is claimed in this case, no right of appellee is surrendered by occupancy.

The third error assigned relates to the appointing of John D. Mitchell of Floyd county to make the survey under the direction of the court. This would be a proper

7. cause for a new trial, but cannot be presented as an independent assignment of error. Appellants, however, say that Mitchell was not appointed to make the survey until after the term of court at which the findings were filed, and therefore this was not an error occurring at the trial.

The record shows that Mitchell was appointed to

8. make the new survey as a part of the conclusions of law. This was not based upon any fact found, but was in obedience to the requirement of the statute which provides that if the court finds against such survey so appealed from, it shall find and determine the true boundary line between such adjoining lands and the corners thereof. §9519 Burns 1908, Acts 1901 p. 160.

An exception to the conclusion of law, of which this order is a part, presents no question, because it is not a legal con-

clusion drawn from any fact found, but a duty enjoined upon the court by law.

It appears, however, that Mitchell did not qualify, and the record shows an agreement made in open court, wherein appellants agreed that one Wright, who was not the county surveyor, should be appointed to make the survey ordered by the court. It was clearly to the interest of appellants that the county surveyor, whose survey they had in this proceeding defeated, should not be appointed by the court. The survey of Wright was set aside on motion of appellants, and the court again appointed Mitchell. In any event, the appellants were not harmed by the appointment of Mitchell, whose only duty was to carry out the order of the court, by placing the monuments at the points designated and running the line as directed.

Judgment affirmed.

Hottel, J., not participating.