# INGLE v. STATE OF INDIANA.

### [No. 22,635. Filed October 7, 1914.]

1. RAPE.—*Evidence.*—*Age of Prosecutrix.*—The admission in evidence of the testimony of the prosecuting witness in a rape case, in relation to the fact that she was under the age of consent, after it was shown that her knowledge on that subject was based on information given her by her father, was not error. p. 199.

2. CRIMINAL LAW.—*Appeal.*—*Objections to Evidence.*—*Failure to Reserve Exception.*—Defendant in a criminal prosecution, by failing to except to the ruling of the trial court admitting certain evidence, waives his right to a review of such action on appeal. p. 199.

3. CRIMINAL LAW.—*New Trial.*—*Newly-Discovered Evidence.*—*Diligence.*—Where the motion for a new trial on the ground of newly-discovered evidence fails to set out facts showing that due diligence was exercised to procure such evidence, the motion is properly overruled. p. 199.

From Perry Circuit Court; *William Ridley*, Judge.

Prosecution by the State of Indiana against Donzell Ingle. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Ewing & Lincoln* and *Oscar C. Minor,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MORRIS, J.—Appellant was convicted on a charge of the alleged rape of a female child under the age of sixteen years. §2250 Burns 1914, Acts 1913 p. 267. The only error

1. assigned here is the overruling of the motion for a new trial. It is contended that the court erred in permitting the prosecuting witness to testify in relation to her age after it was shown that her knowledge on that subject was based on information given her by her father. There was no error. Underhill, Crim. Ev. (2d ed.) §342.

The prosecuting witness had been placed in the custody of defendant's father by the State Board of Charities, and

2. while in such custody, the offense is alleged to have been committed by defendant while living with his father. The court admitted in evidence written reports to the board relating to the prosecuting witness, made by the father, on furnished blanks, which, among other things, stated the age of the girl at the time of making the reports. The appellant failed to except to the ruling of the court, on the admission of this evidence, and thereby waived his right to a review of such action. 1 Ind. Dig. Ann., Appeal and Error, §260, (a).

The motion for a new trial was grounded, in part, on appellant's affidavit relating to newly-discovered evidence.

3. The decision of the trial court, in refusing a new trial for such cause, will not be set aside unless the motion sets out facts showing that the defendant exercised due diligence. The affidavit is defective in this respect, and there was no error in the court's ruling. *Cheek* v. *State* (1908), 171 Ind. 98, 101, 103, 85 N. E. 779, and authorities cited.

The record discloses no reversible error. Judgment affirmed.

NOTE.—Reported in 106 N. E. 373. As to the showing of due diligence required on motion for new trial, see 78 Am. Dec. 518. See, also, under (1) 33 Cyc. 1472; (2) 12 Cyc. 818; (3) 12 Cyc. 751.