Rook *v.* Straus Bros. Co.—60 Ind. App. 381.

---

ROOK ET AL. *v.* THE STRAUS BROTHERS COMPANY.

[No. 8,924. Filed January 4, 1916.]

1. APPEAL.—*Presenting Error.—Burden.*—It devolves on appellants to present to the court the error relied on substantially as required by the rules of the court. p. 382.

2. APPEAL.—*Briefs.—Waiver of Error.*—Where appellants' brief wholly failed to comply with the requirements of clause 5 of Rule 22, with reference to setting out points and authorities, and there was no effort to amend after the defect had been pointed out by appellee's brief, the errors alleged must be treated as waived. p. 383.

382 APPELLATE COURT OF INDIANA,

Rook v. Straus Bros. Co.—60 Ind..App. 381.

3. APPEAL.—*Rules of Court.—Effect.*—The rules of the court on appeal are binding upon it as well as upon the litigants, and there must be a substantial compliance therewith before the court can assume to pass on the merits of an appeal. p. 383.

From Adams Circuit Court; *Charles E. Sturgis,* Special Judge.

Action between the Straus Brothers Company and Rhoda C. Rook and others. From a judgment for the former, the latter appeal. *Affirmed.*

*John F. LaFollette, Emerson McGriff* and *S. A. D. Whipple,* for appellants.

*Hooper & Lenhart* and *Heller, Sutton & Heller,* for appellee.

FELT, P. J.—This is an appeal from a judgment quieting the title to certain real estate. There was a special finding of facts on which the trial court stated its conclusions of law. The errors assigned seek to bring into review the action of the court in ruling on the demurrer to the complaint, in overruling appellants' motion for a new trial, and in its conclusions of law stated on the special finding of facts.

It is insisted by appellee that no questions are presented because of defects in the transcript, in the assignment of errors, and in the preparation of appellants' briefs. Our examination of the record and assignment of errors convinces us that there is much merit in many of the objections urged by appellee, but it is unnecessary for us to determine the questions other than those relating to the briefs.

It devolves upon the appellants to present to the court the error relied on for reversal of the judgment and to do so in substantial compliance with the rules of the court. Under "points and authorities" appellants state numer-

ous abstract propositions of law, but 2. neither here nor at any other place in their briefs do they make any specific application of any of such points to any particu- 3. lar question arising under any one of the alleged errors relied on for reversal of the judgment. Appellee in its brief filed in July, 1914, duly pointed out the defects and appellants have taken no steps to obtain leave to amend their briefs, or in any way to remedy the defects. The rules are binding on the court as well as upon the litigants and there must be a substantial compliance therewith before this court can assume to pass upon the merits of the appeal. Clause 5 of Rule 22 provides that "the briefs shall contain, *under a separate heading of each error relied on,* separately numbered propositions or points, stated concisely and without argument or elaboration, together with the authorities relied on in support of them." The rule is plain and has been interpreted and enforced by many decisions. Its purpose is to expedite the business of the court by presenting in a concise and definite way each error relied on, so that the court may without unnecessary delay or speculation apprehend and decide the questions relied on for reversal. Questions not duly presented are waived. The briefs in this case do not show a substantial compliance with the rule. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Ingle* v. *State* (1914), 182 Ind. 198, 207, 106 N. E. 373; *Bray* v. *Tardy* (1914), 182 Ind. 98, 99, 105 N. E. 772; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 103 N. E. 481; *Palmer* v. *Beall* (1915), *ante* 208, 110 N. E. 218, and cases cited. Judgment affirmed.

NOTE.—Reported in 110 N. E. 1006. See, also, under (1) 3 Cyc 275; (2) 3 C. J. 1428, 1431; 2 Cyc 1017; (3) 11 Cyc 743.