NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF
SECURITY *v.* SIMS.

[No. 9,627.   Filed June 6, 1918.]

1. APPEAL.—*Briefs.—Sufficiency.—Abstract Propositions of Law.—
Waiver of Error.*—Where appellant's brief, under its points and
authorities, set forth a number of general statements of facts
and abstract propositions of law, but made no reference to the
motion for a new trial, nor were such propositions of law
specifically applied to any alleged error relied on for reversal,
no question is presented for review and any error is waived.
p. 45.

2. INSURANCE.—*Dues and Assessments.—Time of Payment.—
Waiver.*—Although a provision in a benefit certificate of insur-
ance limited the time in which dues and assessments might be
paid, such provision could be waived by the local agent giving
permission to pay them a few days late and thereafter so
receiving them for several years.  p. 46.

From Clay Circuit Court; *John M. Rawley*, Judge.

Action by Jennie Sims against the National Council
of the Knights and Ladies of Security.  From a judg-
ment for plaintiff, the defendant appeals.  *Affirmed.*

*Arthur W. Fulton* and *Luther & Luther*, for appel-
lant.

*W. Stilwell, F. S. Rawley* and *McGregor, Knight
& Miller*, for appellee.

FELT, J.—Appellee brought this suit to recover as
beneficiary on a certificate or policy of insurance
alleged to have been issued to her husband, William
C. Sims, in his lifetime by appellant.

The complaint is in two paragraphs.  The first
paragraph was drawn on the theory that appellee and
her deceased husband had fully complied with all the
provisions of the contract of insurance, and that the
same was in full force and effect at the time of the

death of her husband on August 1, 1914. The second paragraph alleges that certain provisions of the written contract of insurance were not fully complied with by the insured in his lifetime, in this, that the dues and assessments which by the terms of his policy were to be paid on or before the last day of each month were not paid within such period, but were paid within the first five days of the succeeding month; "that by the custom of said defendant with its agent, the said William C. Sims and other members were not required to pay their dues or assessments during the month in which they became due, but on the contrary were permitted to pay the same within five days after the expiration of the month in which the same fell due''; that such custom existed for more than two years prior to the death of appellee's said husband, during which time he paid his dues and assessments in accordance with such custom, and the same were accepted by appellant; that thereby said Sims was led to believe and did believe that, in order to keep alive the said certificate or policy, it was not necessary to pay his dues and assessments during the month in which they became due; that he relied upon such custom, and all dues and assessments due from him at the time of his death had been fully paid in accordance therewith.

The complaint was answered by a general denial and by a special paragraph of answer, in which it was averred in substance that, under the constitution and by-laws of appellant, any member had the right to pay his monthly assessments within sixty days from the time the same became due, provided he was in good health, and thereby reinstate himself from suspension of his membership for nonpayment of his

dues or assessments, on or before the last day of the month; that payments made in pursuance of such provisions did not establish a custom contrary to the provisions of the insurance contract.

To the special answer a reply in general denial was filed. A trial by the court resulted in a finding and judgment in appellee's favor in the sum of $2,024.

The only error relied on for reversal is the overruling of appellant's motion for a new trial.

Appellant, under its points and authorities, in its briefs has set forth a number of general statements of facts, and abstract propositions of law, but 1. no reference is made to the motion for a new trial, and we can only know by inference that the same arise thereunder, or are in any way related thereto. The propositions of law so stated are not specially applied to any alleged error relied on for reversal. Under the repeated decisions of the Supreme Court and this court, appellant has waived any error, and the judgment of the lower court should be affirmed. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *White* v. *State, ex rel.* (1915), 183 Ind. 649, 655, 109 N. E. 905, Ann. Cas. 1917B 527; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218; *Rook* v. *Straus Bros. Co.* (1915), 60 Ind. App. 381, 382, 110 N. E. 1006.

However, we have read all the briefs, and as far as possible have sought to ascertain the controlling questions involved in the case, and are convinced that even upon the merits of the case, the record fails to present any error which would justify the court in reversing the judgment.

The wife of the deceased, the beneficiary under the policy was permitted to testify, over appellant's objec-

tion, to making payments of dues and assessments for her husband, on the certificate involved in this suit, after the expiration of the month for which such dues were payable, and also that she made payments at the same time on a certificate or policy upon her own life. She also testified to a conversation with the local officer of appellant who collected the dues and assessments to the effect that she had asked if she and her husband might make payment of their dues and assessments for the preceding month on or about the third of the succeeding month, and that such agent had told her that it was all right to do so; that she reported such fact to her husband, and thereafter, for about two years prior to the death of her husband, they continued so to make payments, and the same were accepted by the local representative of appellant, without objection. The local agent also gave testimony to the same general effect.

Under the law applicable to the case, it was proper to make proof of such facts. The questions involved have been settled adversely to appellant's contentions. *Sovereign Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 301, 107 N. E. 749; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752; *Indianapolis St. R. Co.* v. *Taylor* (1904), 164 Ind. 155, 72 N. E. 1045; 16 Cyc 1148, 1176; Gillett, Indirect and Collateral Ev. 291, 341, 349, 351, 352.

The case seems to have been fairly tried on its merits and a correct result reached. No intervening error prejudicial to any substantial right of appellant has been duly pointed out. §700 Burns 1914, §658 R. S. 1881; *Title Guaranty, etc., Co.* v. *State, ex rel.* (1915), 61 Ind. App. 268, 290, 109 N. E. 237, 111 N. E. 19;

*Bright Nat. Bank* v. *Hartman* (1915), 61 Ind. App. 440, 453, 109 N. E. 846; *Kelso* v. *Cook* (1915), 184 Ind. 173, 203, 110 N. E. 987; *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 143, 108 N. E. 5, 110 N. E. 662.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 834. See under (2) 29 Cyc 194, 195.