JAMES B. KELLY *v.* STATE OF INDIANA.

[No. 871S226. Filed March 21, 1972.]

*Ferdinand Samper, Ferd Samper, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Paul H. Frazier,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by James B. Kelly from a judgment in the Marion Criminal Court, Division One, convicting him of Assault and Battery With Intent to Commit a Felony. Appellant waived a jury trial and the cause was tried before the Honorable John Tranberg, Judge Pro Tempore, on February 11, 1971. Appellant was charged with rape of a child under the age of sixteen (16) years pursuant to I. C. 1971, 35-13-4-3, (Ind. Ann. Stat. § 10-4201 [1956 Repl.]), but was found guilty of the lesser included offense and sentenced to the Indiana State Prison for one (1) to ten (10) years. Appellant's Motion to Correct Errors was overruled on May 14, 1971, and this appeal followed.

The following allegations of error have been presented to this Court on appeal:

1. This trial court erred in permitting the prosecuting witness to testify as to her own age.

2. The evidence is insufficient to sustain the conviction.

In a conviction for assault and battery with intent to rape, where the allegation is that the victim was under the age of consent, it is only necessary that the State establish a touching of the person of a female child under the age of sixteen years with the intent to have sexual intercourse. See, *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549. In the instant case, since there is no evidence that the assault was forcible, the age of the victim is an essential element of the crime.

At trial, the prosecuting witness was permitted to testify that she was fourteen years of age when the alleged criminal assault occurred. The source of her information was never determined. Appellant contends that since a person's knowledge as to his own age is based solely upon hearsay, a proper foundation must first be established before such testimony should be admitted in evidence. If it has not been first established that the witness gained this information from a valid source such as his parents or other member of his family or from a public record, it is the appellant's contention that such testimony should be excluded. We do not agree.

It is well established law that the victim in a rape prosecution can testify to the fact that she was under the age of consent when the alleged criminal assault occurred. See, *Hengstler* v. *State* (1934), 207 Ind. 28, 189 N. E. 623; *Ingle* v. *State* (1914), 182 Ind. 198, 106 N. E. 373. In both the *Hengstler* and *Ingle* decisions it was gained from a parent. This Court determined that a parent was a valid source sufficient to qualify such testimony and, therefore, held that it was not error to admit it in evidence. In both *Hengstler* and *Ingle*, it was the validity of the source that was challenged; no issue was raised in either case in regard to the necessity of laying a proper foundation for the admission of such testimony in evidence. Therefore, neither of the above decisions is controlling of the issue presented in the case at bar.

This Court is of the opinion that it is proper for the trial court to recognize the competency of a witness to testify as to his own age, and the source of such knowledge shall be *presumed* to be valid unless it can be otherwise established on cross-examination or by preliminary questioning. In the instant case, counsel for appellant merely objected to the testimony on the grounds that it was hearsay. Appellant did not establish that the source of the prosecuting witness' knowledge was invalid, and therefore there was no error in admitting her testimony as to her age in evidence.

Turning to appellant's contention that the evidence is insufficient to sustain the conviction, this Court has stated many times that when reviewing such an allegation we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. This Court will neither weigh the evidence nor determine the credibility of witnesses. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. See, *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

The evidence most favorable to the State is as follows: On January 22, 1969, the appellant met the prosecuting witness, Miss Donna Sue Head, at a bus stop in Indianapolis. After taking her to a local hospital presumably so that she could visit someone, appellant took Miss Head to his real estate office where he had sexual intercourse with her. The next day appellant took the victim and one of her girlfriends, Sheryl England, to another office in Indianapolis where he again had sexual intercourse with her.

Almost all of the material elements of the crime were established solely from the testimony of the prosecuting wit-

ness. However, in *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, this Court determined that the uncorroborated testimony of a prosecuting witness, if believed by the trier of fact, is sufficient to sustain a conviction for rape. It is the appellant's contention, however, that the victim's testimony was so impeached at trial that it should be found to be insufficient, as a matter of law, to sustain the conviction.

Miss Head testified on cross examination that she had told the appellant she was seventeen years of age and that her name was Susan Baker. She also testified that she had claimed she was married and that her husband was serving in the military in Viet Nam. At trial she testified she was fourteen years of age, single, and was a runaway from her parents' home in Indianapolis. Although her out of court statements were certainly contrary to her testimony offered at trial, this Court is of the opinion that the prior inconsistent statements do not render her testimony void of any evidentiary value. At the time the out of court statements were made, the prosecuting witness was a runaway, and the trier of fact could have reasonably inferred that the reason for her statements was to conceal this fact from the appellant. Therefore, appellant's contention that the evidence is insufficient to sustain the conviction is without merit.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 55.