WILLIAM HAROLD FREEMAN v. STATE OF INDIANA.

[No. 2-974A231. Filed April 17, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller, John H. Meyers, Robert F. Colker,* Deputy Attorneys General, for appellee.

HOFFMAN, J.—On August 21, 1973, defendant-appellant William Harold Freeman was charged by information with

the offense of first degree burglary as defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), which provides, in pertinent part, as follows:

> "(a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Following a trial to the court, Freeman was found guilty as charged, sentenced for a period of not less than ten nor more than twenty years, ordered to satisfy costs, and disfranchised and rendered incapable of holding any office of trust or profit for one year. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The sole issue to be considered on appeal is whether appellant's conviction is supported by sufficient evidence.

An examination of the evidence most favorable to appellee-State discloses that on the morning of August 21, 1973, at approximately 3:15 A.M., the prosecutrix was awakened by someone attempting to gain entrance to her apartment. After contacting the police by telephone, she observed a man wearing a white T-shirt obtain a "great big board" from a storage room in a hall outside of her apartment and subsequently heard the breaking of glass in her kitchen window. A man then entered her bedroom and identified himself as "Bill Freeman." Under direct examination by the State, the prosecuting witness testified that Freeman, whom she knew to be her landlady's son, "just kept saying, 'Don't be afraid of me, don't be afraid.'", and attempted "to get me to give him my hand ***." She further testified that Freeman subsequently knocked her down on the bed, struck her in the face and stated, "Shut up you bitch or I'll hit you again," when she screamed. Freeman then said, "I wanted to f- - - you for

weeks and weeks." The prosecutrix testified that Freeman "had my top down and he had his hands between my vagina." She asked Freeman to leave, but he refused. Shortly thereafter, the police arrived, gained admittance to the apartment and took Freeman into custody.

Appellant contends that his conviction of the offense of first degree burglary is not supported by sufficient evidence. When questions regarding the sufficiency of the evidence to support a conviction are raised on appeal, this court will only consider the evidence most favorable to appellee-State together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Kelly* v. *State* (1972), 258 Ind. 196, 280 N.E.2d 55; *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543.

Appellant's contentions center, for the most part, around the more specific question of whether there was sufficient evidence of intent to commit a felony, to-wit: rape. In *Hanes* v. *State* (1900), 155 Ind. 112, at 116, 57 N.E. 704, at 705, the court stated that,

"Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainty what was operating in the actor's mind, and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points.***." See: *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775; *Byassee* v. *State* (1968), 251 Ind. 114, 239 N.E.2d 586; *Hendley* v. *State* (1974), 160 Ind. App. 338, 311 N.E.2d 849. Although Freeman did not, in fact, ultimately rape his victim, his intent to do so is reasonably inferable from his coarse statements to the prosecutrix together with his conduct in striking the victim, knocking her down upon the bed, removing part of her clothing and touching her vaginal area. See: *Hendley* v. *State, supra.*

Furthermore, the other essential elements of the offense of first degree burglary: a breaking and entering into a

dwelling house or other place of human habitation are amply established by the evidence.

No reversible error having been demonstrated, the judgment of conviction entered by the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.