JOHN HENRY ALEXANDER *v.* STATE OF INDIANA.

[No. 3-1174A187. Filed May 29, 1975.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—On July 2, 1973, defendant-appellant John Henry Alexander was charged by affidavit with the offense of robbery as defined in IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), which provides, in pertinent part, as follows:

> "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. ***."

Following a jury trial, Alexander was found guilty as charged and sentenced to the custody of the Indiana Depart-

ment of Corrections for a period of not less than ten nor more than twenty-five years. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The sole issue to be considered on appeal is whether appellant's conviction is supported by sufficient evidence.

An examination of the evidence most favorable to appellee State discloses that on June 21, 1973, David J. Nagy, an ice cream vendor, was driving his truck in the City of South Bend, Indiana, when three men signaled him indicating that they wanted to purchase ice cream. Mr. Nagy testified under direct examination by the State that as he prepared to stop, the three men leaped into his truck; that one of the men, whom he later identified as appellant Alexander, struck him upon the head; and that he was thereby "knocked to the floor of the truck." Mr. Nagy was then told to remain on the floor and was informed by the men that "they had a gun." Mr. Nagy further testified that appellant threatened to "blow my head off." When the witness attempted to raise his head, he was beaten and kicked. Nagy's assailants then removed approximately $20 in currency from his left front trouser pocket. In addition, they took approximately $5 from his wallet, forced him to surrender his wrist watch, and removed ice cream valued at about $20 to $25 from the freezer compartment of the truck. At the same time, one of the men drove the truck approximately one block to an alley and then threw the keys to the ignition into nearby shrubbery.

Five days after the incident in question, Mr. Nagy identified Alexander from a group of approximately ten photographs which he was shown by the police. Prior to trial, he again identified appellant from a group of ten photographs. Subsequently, during trial, the witness made a positive identification of appellant and indicated that he had been present in the truck during the entire course of the incident.

Appellant contends that his conviction of the offense of robbery is not supported by sufficient evidence. When ques-

tions regarding the sufficiency of the evidence to support a conviction are raised on appeal, this court will only consider the evidence most favorable to appellee State together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Kelly* v. *State* (1972), 258 Ind. 196, 280 N.E.2d 55; *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543.

Appellant concedes the establishment of the *corpus delicti;* but contends that the evidence relating to his identification as one of the participants in the crime is so tenuous as to dispel any reasonable inference of guilt. We do not agree.

The evidence discloses that Mr. Nagy had, prior to the incident in question, observed appellant talking with a group of persons some distance away from the place at which the crime occurred. Further, the witness was in close proximity to the three assailants during the commission of the offense and was able to describe particular actions and statements by appellant as an individual member of the group which accosted him. From such evidence it is reasonable to infer that the witness possessed a sufficient factual basis for his positive in-court identification of appellant. Pursuant to the well-established and oft-stated rule of appellate review, we must decline appellant's invitation to weigh the testimony of Mr. Nagy against that of other witnesses for the defense. It must be concluded that appellant's conviction is supported by sufficient evidence.

No reversible error having been demonstrated, the judgment of conviction appealed from is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 328 N.E.2d 238.