WILLIS BUSH, JR. *v.* STATE OF INDIANA.

[No. 3-975A193. Filed May 26, 1976. Rehearing denied July 12, 1976.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Willis Bush, Jr. appeals from judgments of the trial court convicting him of

the crimes of robbery[1] and entering to commit a felony.[2] On appeal Bush contends that the trial court erred in refusing to allow him to take a polygraph test, and that there was insufficient evidence adduced at trial to support his conviction.

Regarding defendant's request for a polygraph examination, the record reveals that Bush submitted a petition to the trial court requesting that he be permitted to undergo a polygraph examination, and stating that he would "abide by said Report, and its conclusons ***." The record further reveals that the appellant stated during his re-direct examination that he had requested a polygraph examination and the court had denied it. The trial court sustained an objection to such testimony and instructed the jury to disregard it.

In the case at bar, a polygraph test of the appellant could not have led to admissible evidence or assisted him in his defense, inasmuch as the results of such tests are inadmissible in Indiana due to their unrealiable nature. The trial court properly denied appellant's request, and properly instructed the jury to disregard his irrelevant testimony concerning such request. *Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540.

Appellant next contends that the evidence is insufficient to support his conviction. When questions regarding the sufficiency of the evidence to support a conviction are raised on appeal, this court will only consider the evidence most favorable to appellee State together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Freeman* v. *State* (1975), 163 Ind.App. 650, 325 N.E.2d 485.

The facts and reasonable inferences therefrom most favorable to appellee State in the record establish that appellant

1. IC 1971, 35-13-4-6 (Burns Code Ed.).
2. IC 1971, 35-13-4-5 (Burns Code Ed.).

broke into the home of 91-year old Ladislas Kolupa on September 7, 1974. Appellant physically abused Mr. Kolupa, "grabbed [him] by the hair", struck him with sufficient force to break his dentures, and removed valuables from his person. Appellant ransacked Mr. Kolupa's home, and was observed in the act of doing so by police officers who had arrived on the scene. The officers entered the premises and captured appellant, who was identified by Mr. Kolupa. Valuables taken from Mr. Kolupa's home and person were recovered from the appellant's pockets.

Such evidence is sufficient to sustain appellant's conviction for robbery. *McKinley* v. *State* (1972), 258 Ind. 348, 281 N.E. 2d 91. This evidence is also sufficient to allow the jury to conclude that appellant entered Mr. Kolupa's home with the intent to commit a robbery and is, therefore, sufficient to support appellant's conviction for entering with intent to commit a felony. *Farno* v. *State* (1974), 159 Ind.App. 627, 308 N.E.2d 724.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 348 N.E.2d 68.