James **LANHAM** and Margaret Lanham, Husband and Wife, Appellants
(Plaintiffs Below),

v.

Fred **MARLEY** and Marian Marley, Husband and Wife, Eric S. Schwoeppe and Linda A. Schwoeppe, Husband and Wife, Charles Perry, Roy Smith, Trustees of Hicks Grove Baptist Church, a/k/a Regular Baptist Church, a/k/a Separate Baptist Church, the Unknown Heirs and Devisees of Rosetta I. Matthews, James L. Matthews, Chauncey Risk, Sarah Risk and the Unknown Heirs, Devisees and Successors of David Thornton, both as Trustees and Individually, Appellees (Defendants Below).

No. 4–784A206.

Court of Appeals of Indiana,
Fourth District.

March 12, 1985.

Thomas E. Everitt, Everitt, Houston & Thompson, Scottsburg, for appellees, Eric S. Schwoeppe and Linda A. Schwoeppe, and the Trustees of Hicks Grove Baptist Church, a/k/a Regular Baptist Church, a/k/a Separate Baptist Church.

Fred Marley and Marian Marley, pro se. Charles Perry, pro se.

Bruce R. Runnels, Cline, King, Beck, Harrison & Runnels, Columbus, for appellants.

CONOVER, Judge.

Plaintiffs-Appellants James and Margaret Lanham (the Lanhams) sued to quiet title, for injunctive relief, and for damages with respect to real property in a boundary dispute. After a bench trial the judge quieted title in the Defendants-Appellees and ordered the Lanhams to take nothing by way of their complaint. The Lanhams appeal this judgment.

Affirmed.

ISSUES

We have restated the questions presented for review as the following three issues:

1. Whether the trial court erred by failing to enter special findings of fact when a timely request was made.

2. Whether a legal survey performed under IND.CODE 36–2–12–10 and not appealed by the Lanhams was void *ab initio*.

3. Whether the trial court's judgment was contrary to the law and the evidence.

FACTS

The Lanhams acquired title to 20 acres of land by warranty deed on February 6, 1966. The deed was duly recorded. One of the defendants-appellees, Eric Schwoeppe (Schwoeppe), acquired title to his real estate by warranty deed on August 29, 1970. His deed also was properly recorded. Another of the defendants-appellees, trustees of the Hick's Baptist Church (Church), acquired title by various deeds on various dates.

Legal descriptions for each of these deeds are by metes and bounds. We attach a sketch of the boundaries claimed by these parties for the sake of clarity.

Schwoeppe

Hicks Baptist Church

N

W——E

S

S.W. ¼ of Section 1,
Twnshp. 5 N., Rge 11 E.,
Jefferson Cnty, Indiana

LANHAM

LEGEND

————————— Section Line

—o—o—o Boundary Claimed by Schwoeppe

oooooooo Boundary Claimed by Hicks Baptist Church

—————— Boundary Claimed by Lanham

//// Disputed Overlap

By the legal descriptions the disputed southern boundary of the property of all the defendants in this action lies along a line 80 poles south of and running parallel to the northern boundary of the southwest quarter of Section 1, Township 5 North, Range 11 East, Jefferson County, Indiana. The disputed northern boundary of the

Lanhams' property, however, lies along a line which is 86 poles 9 links north and running parallel to the southern boundary of the same quarter section. Since a quarter section is, by definition, 160 poles square, there is an overlapping of the boundaries by 6 poles 9 links (approximately 35 yards).

All the property involved in this action was derived from the common ownership of Thomas Gillum (Gillum). He acquired this real estate by a warranty deed dated September 30, 1822. In 1824 Gillum conveyed that portion of the real estate claimed by Schwoeppe and the Church to John Peake. In 1833 Gillum transferred that portion of his real estate claimed by the Lanhams to James Gillum. While the deed to James Gillum contained the "86 poles" language in the metes and bounds description, it also included the phrase "to a stake on John Peake's line." Subsequent deeds, however, deleted any reference to John Peake's line.

In 1974, the Church hired Eugene L. O'Brien (O'Brien), a land surveyor, to make a legal survey. Notice of the survey was given to the Lanhams as required by statute. Upon its completion, the survey was filed with the county surveyor of Jefferson County. The Lanhams did not appeal the results of this survey.

At various times since acquiring their property, the Lanhams have used the property claimed by the Church with its permission to store equipment, move livestock, and for other farming activities. Through at least 1971 the Church also used the property for its functions. In 1973 the Church building burned. It has not been rebuilt.

Beginning in 1980, the defendants began utilizing portions of the disputed property to the Lanhams' exclusion. In September 1980 they filed this action to settle the boundary dispute and quiet title to the property in question. Prior to commencement of trial the Lanhams requested findings of fact. At the close of trial, the trial judge inadvertently failed to enter his findings of fact, but entered judgment against

the Lanhams. They then filed a motion to correct errors claiming among other things the judge's failure to enter findings of fact was error. The trial judge granted the motion as to findings of fact. He opened the judgment, entered his findings of fact, and again entered judgment against the Lanhams.

## DISCUSSION AND DECISION

### I. *Special Findings of Fact*

■ The Lanhams first contend the trial judge erred when he failed to make special findings of fact prior to entering judgment. However, the trial judge granted the Lanhams' motion to correct errors on this issue, the original judgment was opened and special findings of fact entered. The trial court corrected its error, if any, in failing to make special findings of fact. Ind.Rules of Procedure, Trial Rule 52(B).

### II. *Legal Survey*

The Lanhams next contend because the legal survey performed by O'Brien in 1974 is void, the trial judge erred by relying on it when he entered his findings of fact and conclusions of law. We disagree.

■ IND.CODE 36-2-12-10 authorizes a legal survey by a licensed surveyor to establish the location of disputed property lines. Under this statute, the landowner may commission a survey which becomes binding on all landowners affected unless an appeal is taken under section 14 of the act. The Lanhams never appealed O'Brien's survey. They contend, however, the methods utilized by O'Brien in making this survey were not in accordance with the statute. Thus, the survey is void and no appeal was necessary. The Lanhams cite no cases, and we are aware of none, which state a survey under this statute need not be appealed if it is alleged it was improperly conducted. Indeed, that would seem to be the purpose for the appeals provision of the statute. It quite clearly provides a method for the appeal of an allegedly erroneous survey. The statute makes a survey binding unless an appeal is taken under section 14, IC 36-2-12-10.

The sole case cited by the Lanhams to support its position is *Myers v. Reynolds* (1911), 47 Ind.App. 233, 94 N.E. 345. That case, however, did not involve a survey conducted under this statute. Further, the county surveyor who made that survey which purported to establish section lines never made any record of the survey. Here the survey was properly recorded, all notices given as required by the statute, and the surveyor personally discussed the results of the survey with the Lanhams. If they had wished to challenge the results of the legal survey under IC 36–2–12–10 or the methods the surveyor utilized, they were required to follow the appeals procedure established therein. The Lanhams' failure to timely appeal the survey binds them to the line as surveyed. *Criss v. Johnson* (1976), 169 Ind.App. 306, 309, 348 N.E.2d 63, 65.

### III. *Decision Contrary to Law*

The Lanhams finally argue in four instances the trial court's judgment was contrary to law and the evidence. When a trial court has made special findings of fact, we will not set aside the findings unless they are clearly erroneous. T.R. 15(A); A.R. 15(N). We will construe the findings liberally in support of the judgment and will consider them to be clearly erroneous only where, upon a review of the entire record, we are left with the definite conviction a mistake has been made. *National Fleet Supply, Inc. v. Fairchild* (1983), Ind.App., 450 N.E.2d 1015, 1017; *Citizens Progress Co. v. James O. Held & Co.* (1982), Ind.App., 438 N.E.2d 1016, 1022.

■ First the Lanhams claim the trial court's judgment is contrary to law because it quiets title in lands which are inconsistently described. Specifically, they aver the description of the parcel quieted in favor of the Schwoeppes has an exception for a church lot having the size of approximately one acre while the parcel quieted in the Church is only slightly more than one-half acre. Since the two descriptions do not exactly coincide the judgment is contrary to law they contend. However, they fail to cite authority supporting their contention.

While we note the descriptions do indeed differ somewhat, such differential is insignificant under the facts here. It does not leave us with a definite conviction a mistake has been made. The legal description of the parcel quieted in favor of the Schwoeppes reads, in pertinent part,

A part of the southwest quarter of Section 1, Township 5 North, Range 11 East; beginning at the southeast corner of lot of land deeded to the Separate Baptist Church, known as Center Grove Church; thence east 14 poles 3 links 5 inches; thence north 14 poles 3 links 5 inches; thence west 14 poles 3 links 5 inches; thence south 14 poles 3 links and 5 inches to the place of beginning, containing 1.25 acres, more or less

.     .     .     .     .

Beginning at the northwest corner of the southwest quarter of Section 1, Township 5 North, Range 11 East; thence south 80 poles to a stone; thence east 80 poles to a stone; thence north 30 poles to a stone; thence east 80 poles to a stone; thence north 50 poles to a stone; thence west 160 poles to the place of beginning, containing 65 acres, more or less.

Except Church Lot 1 acre ...

The description of the parcel quieted in favor of the Church reads,

Being a part of the Southwest Quarter of Section 1, Township 5 North, Range 11 East, Jefferson County, Indiana more fully bounded and described as follows: Beginning at a point on the West line of Section 1, said point being 258.50 feet south of the south line of an existing blacksmith shop building, measured along the Section line, said point also being 16.50 feet north of the Northwest corner of an 'Old Stone' School Building; North 0° East (assumed bearing) 107.25 feet along the west line of Section 1 and the center of a county road to a point; thence North 87° 50′ East 30 feet to a steel fence post; thence continuing North 87° 50′ East 176.25 feet to a steel fence post; thence continuing South 0°

East 30.00 feet to a point on the North side of a county road on the North line of the James Lanham property; thence South 87° 50′ West 206.25 feet to place of beginning. Containing 0.50745 acres. Subject to the legal right of way of the existing county road. Being the same property conveyed to Trustees of the Regular Baptist Church of Hicks on April 1, 1895, as recorded in Deed Book 64, Page 86 and 87, Recorder's Office, Jefferson County Court House.

■ The description of the Schwoeppe parcel is general as to the church lot and is not intended to be specific. Moreover, it incorporates the Church's deed. The very specific metes and bounds description established for the Church's parcel provides an exact determination of the realty in question. Under Indiana law a general descriptive statement in a deed yields to a particular and specific description. *Talbot v. Citizens National Bank of Evansville* (7th Cir.1968), 389 F.2d 207, 210. Also, where one deed refers to another for description of the premises, reference may be had to the description in the latter to aid that in the former. *The German Mutual Ins. Co. of Indianapolis v. Grim and Others* (1869), 32 Ind. 249, 258; 2 Am.Rep. 341, 347. There is no error in this regard.

Next the Lanhams claim the trial court's judgment was contrary to law because the evidence supports their claim of adverse possession. Their argument on this point merely invites us to reweigh the evidence. We cannot do so. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 904; *Blank v. Meyer* (1984), Ind.App., 471 N.E.2d 718, 721. Further, the Lanhams make no showing their use of the property was hostile.

The evidence supports the trial court's finding number 12. It states in pertinent part

12. That the plaintiffs over the years have occasionally used the foregoing described real property of the defendant ... such use having been with the knowledge, permission and consent of the defendant ... that the use of said property by the plaintiffs, having been with the permission, knowledge and consent of the fee simple owners, was not hostile or exclusive.

■ Absent a showing of hostile use, the Lanhams' adverse possession claim properly was denied. *Poole v. Corwin* (1983), Ind.App., 447 N.E.2d 1150, 1152.

■ The Lanhams also attempt to raise for the first time on appeal a reversionary interest in the Church's property. It is well settled in Indiana, however, a claim not raised at trial and preserved in the motion to correct errors may not be asserted for the first time on appeal. *Vaughan v. State* (1984), Ind.App., 470 N.E.2d 374, 378; T.R. 59.

■ The Lanhams next claim a separate parcel owned by them not at issue in this action is adversely affected by the quieting of title to the Church's parcel. How this case creates a cloud upon their title to this parcel is unclear, however. The Lanhams state by quieting title in the Church, their separate parcel is moved north by the length of the Church lot. However, at all times the legal description of this separate parcel had as its starting point the northwest corner of the Church's lot.[1] The realty involved here neither has been moved physically nor has its legal description been changed. The only effect the trial court's decision has on this property is to quiet

---

1. This separate 1 acre parcel is described as follows:

Also, being a part of the southwest quarter of section 1, Township 5 North, Range 11 East, to-wit: Beginning at the northwest corner of a lot of ground once owned by the Trustees of the Hicks Baptist Church, and occupied as and for church purposes; thence north with the highway, 12.5 poles; thence east 13 poles to the line of the property once owned by Solomen Hall; thence south with the said

Hall's lines 12.5 poles to another corner of what was Hall's land; thence west 13 poles to the place of beginning. Savings and excepting therefrom, the following described lot of ground, to-wit: Beginning at the northwest corner of said lot; thence south 33 feet with the said highway; thence east 117 feet parallel with the north line of said lot; thence north 33 feet; thence west 117 feet to the place of beginning, containing ⅛ of an acre.

title to the Church lot in favor of the Church rather than the Lanhams.

The Lanhams are correct in asserting the one acre parcel is separate from the rest of their realty by the length of the Church lot, but this is merely a clarification of the facts as they already existed. The Lanhams knew this acre sat north of the Church lot, they were merely under the mistaken belief their other acreage extended beyond, and thus included, the Church lot. There is no error here.

Finally, the Lanhams contend the court erred by not awarding damages for loss of use of their property. Since we have determined the property in question was properly quieted in favor of the various defendants to this action, it is clear the Lanhams suffered no damages.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.