## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 15 2016, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jeffry G. Price
Coleman Beckley
Peru, Indiana

ATTORNEYS FOR APPELLEE

Patrick J. Roberts
Sharon L. Breitenbach
Roberts Law Firm
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kathryn Arnold,

*Appellant-Defendant/Counterclaimant,*

v.

Dennis Arnold,

*Appellee-Plaintiff/Counterclaim Defendant*

April 15, 2016

Court of Appeals Case No.
52A02-1511-PL-2062

Appeal from the Miami Superior Court

The Honorable J. David Grund, Judge

Trial Court Cause No.
52D01-1310-PL-352

**Crone, Judge.**

[1]     Kathryn Arnold appeals the trial court's judgment in favor of Dennis Arnold's ejectment claim and against her adverse possession counterclaim. We affirm.

[2]   In 1974, William and Esther Arnold conveyed property via warranty deed to their son Dennis and his wife Jo Ann, subject to a life estate. William died in 1978 and Esther in 1979. After Esther's death, Dennis and Jo Ann divided the property into two tracts and lived in a home on one of the tracts. They allowed Kenneth and Kathryn Arnold, Dennis's brother and sister-in-law, to live rent-free in William and Esther's former home on the other tract. Kenneth died in 2004, and the home fell into disrepair. In 2006, Dennis sent contractors to work on the home, and Kathryn "drove them off." Tr. at 15. In 2011, Dennis sent to Kathryn a written demand to vacate the property, which she ignored.

[3]   In 2013, Dennis filed suit to eject Kathryn from the property. She filed a counterclaim for adverse possession, which requires the claimant to prove by clear and convincing evidence that she demonstrated intent to claim full ownership of the property "superior to the rights of all others, particularly the legal owner[,]" and performed actions "sufficient to give actual or constructive notice to the legal owner of [her] intent and exclusive control" of the property for ten years, among other things. *Fraley v. Minger*, 829 N.E.2d 476, 486 (Ind. 2005). After a bench trial, the trial court entered judgment in favor of Dennis's claim and against Kathryn's counterclaim. Kathryn appealed.

[4]   On appeal, we consider only the evidence favorable to the trial court's findings and judgment and will not reweigh the evidence or assess witness credibility. *Paul v. Stone Artisans, Ltd.*, 20 N.E.3d 883, 886 (Ind. Ct. App. 2014). "We will not disturb the trial court's findings or judgment unless they are clearly erroneous." *Id.* In its judgment, the trial court found that Kenneth and

Kathryn lived in the home with Dennis and Jo Ann's permission and acquiescence. Appellant's App. at 9 (finding 6). This finding, which is supported by Dennis's testimony, is dispositive of Kathryn's appeal, which focuses on whether she substantially complied with the statutory requirement to pay taxes on the property. *See Lanham v. Marley*, 475 N.E.2d 700, 706 (Ind. Ct. App. 1985) (affirming denial of adverse possession claim where claimants used property "with the permission, knowledge and consent of the fee simple owners": "Absent a showing of hostile use, the Lanhams' adverse possession claim properly was denied.").[1] Therefore, we affirm.

Affirmed.

Najam, J., and Robb, J., concur.

---

[1] The record establishes that Kathryn did not manifest an intent to exclude Dennis from the property until 2006 at the earliest, which was less than ten years before he filed for ejectment. *See Estate of Mark v. H.H. Smith Co.*, 547 N.E.2d 796, 800 (Ind. 1989) ("It is not enough that the occupier feels or thinks he is the owner or even declares he is the owner. His claim of ownership must be based on some ground justifying that conclusion and it must be communicated to the true owner that the occupier makes such a claim that is adverse or hostile to his ownership.").