## FROEDGE *v.* STATE OF INDIANA.

[No. 30,926. Filed January 24, 1968.]

*H. Hanly Hammel, Jr.,* of Lafayette, for appellant.

*John J. Dillon,* Attorney General, and *Ronald S. Timmons,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by the appellant James Froedge, Sr. from a conviction under an indictment charging him with the offense of aggravated assault and battery.

The statute under which the indictment was returned reads as follows, to-wit:

"§ 10-410. Aggravated assault and battery—Penalty.— Whoever intentionally or knowingly and unlawfully inflicts

great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one (1) year nor more than five (5) years, to which may be added a fine in any amount not to exceed one thousand dollars ($1,000)."

The appellant in his assignment of error presents for review the following asserted specifications of error:

(1) The denial of appellant's motion to quash the indictment;
(2) overruling of appellant's motion for a new trial;
(3) denying appellant's motion for a directed verdict.

The motion to quash filed is in the appellant's words and figures as follows:

(1) The indictment does not state facts sufficient to constitute a public offense.
(2) The indictment does not state an offense with sufficient certainty.

The appellant contends that the indictment returned by the Grand Jury of Benton County as revealed by the transcript of the record reads as follows, to-wit:

STATE OF INDIANA
       VS          }   S65-18
JAMES FROEDGE, SR.

### INDICTMENT

The Grand B. M. Jury of the County of Benton, upon their oath, do present that James Froedge, Sr., on or about the 13th day of May, 1965, did then and there unlawfully, intentionally and knowingly inflict great bodily harm or disfigurement upon the person of Charles Estes, then and thereby being contrary to the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

Bernard Moyans
Foreman

Filed and recorded this 21st day of May, 1965.

It is readily apparent from an examination of the indictment that there is a difference between the body of the indictment and the title thereof in that the title of the indictment as typed names the defendant as James Froedge, Sr. while in the body of the indictment as *originally typed,* the defendant's name was spelled as follows, to-wit: James Groedge, Sr.

However, it is also abundantly clear that the spelling of the defendant's name as James Grodge, Sr. in the body of said indictment was clearly a typographical error that was corrected by the foreman of the jury by the superimposing or overlaying with pen of the letter "G" with the letter "F" in the spelling of the defendant's name and said correction of said typographical error was initialed by the foreman with the designation of "B.M." And said change *was clearly legible.* The record as it appears above and as shown by the transcript duly authenticated and certified by the Clerk and Judge of the Benton Circuit Court imputes its verity as having been so corrected by the foreman on May 21, 1965 the date of its return by the Grand Jury. We therefore will not go behind the record as presented by the appeal to this Court. Assuming, without admitting, for the purpose of argument that the above might be a defect in form as set forth in Burns' Anno. Stat. § 9-1133 (1956 Repl.)."

> "§ 9-1133. Amendment of indictment or affidavit for defect in form.—The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

We nevertheless do not agree that the case of *Boss* v. *State* (1881), 74 Ind. 80 cited by the appellant would warrant this Court in ruling that it is controlling of this issue as presented in the case before us. That case gives the appellant no support, for there the title or caption named one William Fulk as the defendant while the body of the indictment named

one Napoleon Boss as such defendant. This Court held that there was ample matter alleged in the indictment to indicate Boss was the person charged notwithstanding the repugnancy between the title and the body of the indictment.

The appellant also cites the case of *Howard* v. *State* (1879), 67 Ind. 401 as support for his asserted assignment of error #1 above. The *Howard* case involved a clear discrepancy between the *crime charged in the caption* and the *crime charged in the body thereof* and therefore is clearly distinguishable.

The appellee State cites the case of *French* v. *State* (1859), 12 Ind. 670 as authority for a correction of the obvious typographical error previously alluded to herein. Therein this Court held that interlineations in the indictment that were clearly legible were not bad simply because of such interlineations, and in the absence of anything being shown *extrinsically* tending to to show that such interlineations were made subsequent to its return and filing it will be presumed that they were made before or at the time of its execution. Execution, in that case as in this, is analagous to the date of the presentment, return and filing of said indictment as a true bill. In *French* as here there is no *extrinsic* showing in the record before us to form an issue as a basis for challenge to the verity of the record.

We therefore hold that said asserted error is untenable, and that the change as made and initialed by the foreman must be presumed to have been corrected at the time of the return and filing of the indictment with the Clerk of the Benton Circuit Court, and that such a correction of a typographical error as indicated could be made at any time before the grand jury was discharged and prior to trial by such a correction or upon order of the court. Such correction in no way prejudiced the defendant nor is it a substantial departure from the provisions of § 9-1133, *supra.*

In holding thereby our position is not contrary to the provisions of § 9-1133, *supra,* and Burns Anno. Stat. § 9-1127

but rather is a simple application of "para materia," a rule of statutory construction, peculiarly adaptable to a resoultion of the question of such asserted error. § 9-1127, *supra*, in its pertinent parts is as follows, to-wit:

"No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed . . . for any of the following defects: . . .

Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged.

Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

But rather, such a holding is in harmony with the modern trend of judicial thinking under similar statutes evidencing as they do an intent to eliminate technical and formal defects which in no way prejudice the defendant or affect his substantial rights. This is a judicial postulate that is necessary to the administration of justice and the elimination of narrow technical formalism in the theory and application of the principles of criminal law.

Appellant's second asserted error is the overruling of his motion for a new trial; specifically alleging that the verdict of the jury is not sustained by sufficient evidence.

It is well settled that this Court will view the evidence most favorable to the appellee State of Indiana and all reasonable and logical inferences that may be adduced therefrom. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794; *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727. The record of evidence reveals the following:

On the evening of May 13, 1965 Charles Estes and his wife, Elizabeth, were involved in a heated argument. Elizabeth Estes phoned the appellant, who was employed by her at a restaurant which she managed, and requested him to come. Shortly afterward appellant arrived at the Estes residence carrying a tear gas gun in his right front pocket and a

broken straight razor in his right rear pocket. The straight razor had been taken from under appellant's car seat after he had looked for a pop bottle or some weapon. Charles Estes answered the door with a blackjack in his pocket. Estes told appellant that he had no business on his property and to "get the hell out of here." Estes testified that he was holding the door open with his right hand, and that appellant swung around between Estes and the door. Estes then testified that he put his left hand up against appellant, ahold of him, and then felt a burning sensation and realized that he had been cut. He stated that he did not take the blackjack out of his pocket prior to having felt the first burning sensation. It was later discovered that Estes had been cut over his ear and on his back. The cut on the head was four to four and one-half inches and required eighteen stitches to close. The cut on the back was nine to ten inches and required forty-four stitches to close. Appellant testified to the effect that he used a piece of straight razor to cut Estes on the head when he stated that he remembered "sitting it up against his head and pushing it in."

Appellant claims that there is no evidence that he intentionally or knowingly inflicted any injury on the complaining witness and that there is no evidence that appellant inflicted great bodily harm or disfigurement. Under an assignment that the verdict is not sustained by sufficient evidence this Court will not weigh the evidence and will not disturb the verdict on appeal if there is any evidence of probative value sufficient to establish guilt beyond a reasonable doubt. *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14.

This Court has not previously faced the question as to what constitutes bodily harm within the meaning of Ind. Anno. Stat. § 10-410 (Supp. 1967). It is our opinion that these words must be taken in their plain, or ordinary and usual sense, Ind. Anno. Stat. § 1-201 (1946 Repl.).

*Great bodily harm* defines itself and *means great* as distinguished from *slight, trivial, minor* or *moderate harm, and* as such *does not include mere bruises as are likely to be inflicted* in a simple assault and battery under Ind. Anno. Stat. § 10-403 (Supp. 1967). Whether the evidence describing such harm or injury is within the meaning of the statute, Ind. Anno. Stat. § 10-410 (Supp. 1967), is generally a question of fact for the jury. See e.g. *Hallett* v. *State* (1922), 109 Neb. 311, 190 N. W. 862.

There is certainly sufficient evidence of probative value to sustain the jury's finding of great bodily harm. Also there is sufficient evidence to sustain the jury's verdict with regard to the finding that appellant intentionally or knowingly inflicted the injuries. Appellant voluntarily went to the Estes' residence armed with a straight razor likely to cause great bodily harm if used, and subsequently the appellant did use the razor to cut Estes on the head and back. Furthermore it may be presumed that the appellant intended to cause the natural consequences of his acts. *Newport* v. *State* (1894), 140 Ind. 299, 39 N. E. 926.

Appellant, further asserts as error that there was no proof of disfigurement. However, without deciding whether the wounds and resulting scars constituted disfigurement, the statute requires "great bodily harm" or "disfigurement" in the alternative. The requirement of great bodily harm was sufficiently established as set forth above.

Appellant has also contended that the court erred in overruling his motion for a directed verdict for acquittal at the close of the State's evidence. This issue has been waived for the reason that the allegation was not included in the motion for new trial. *Denton* v. *State* (1965), 246 Ind. 155, 203 N. E. 2d 539.

For all the foregoing reasons we hold that in the instant case there is sufficient and substantial evidence of probative

value to justify the verdict of guilty. We therefore find that the judgment should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ. concur.

NOTE.—Reported in 233 N. E. 2d 631.