JOHN PARVIN *v.* STATE OF INDIANA.

[No. 1170S284. Filed July 16, 1971. Rehearing denied September 24, 1971.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Assistant Attorney General, for appellee.

HUNTER, J.—This is an appeal by John Parvin, appellant, from a conviction of aggravated assault and battery. Trial was to a jury and judgment was entered on the verdict. Appellant was sentenced to imprisonment for not less than one (1) nor more than five (5) years.

The appellant, who was tried separately, entered a plea of not guilty to the indictment, which, omitting the caption, reads as follows:

> "The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Ronald W. Heugel, John Parvin and Donald Lee Whitis, on or about the 15th day of October, A.D. 1966, at and in the County of Marion and in the State of Indiana, did then and there intentionally, knowingly and unlawfully inflict great bodily harm and disfigurement upon another person, to wit: One Thomas Wayne White, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The indictment was filed pursuant to IC 1971, 35-13-3-1, (Ind. Ann. Stat. § 10-410 [1970 Supp.]), which provides, in part:

> "Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery . . ."

The appellant makes two assignments of error, namely:

(1) That the verdict of the jury is not sustained by sufficient evidence, and

(2) The verdict of the jury is contrary to law.

Essentially, the allegations of error question the sufficiency of the evidence to support the verdict of the jury.

In *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739, 741, we stated:

"In determining whether there is sufficient evidence to uphold the conviction, this court has said many times that it will not weigh the evidence or determine the credibility of the witnesses. Also a verdict on appeal will not be disturbed if there is substantial evidence of probative value sufficient to establish every material element of the crime. Only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom will be considered on appeal."

A review of the evidence most favorable to the state reveals that on October 15, 1966, at approximately 9:00 P.M., Thomas Wayne White, the victim, was with his brother, Billy Joe White, and one James Helms in the vicinity of the Blue Ribbon Drive-In on East Tenth Street in Indianapolis, Indiana. They drove into an alley to turn around, but before re-entering the street, they stopped to answer a call of nature. At this time, appellant, accompanied by four other persons, drove his automobile into the alley, effectively blocking the entrance. A fracas ensued, and the victim received a blow in the face which rendered him unconscious. Immediately thereafter, witness Helms observed the appellant striking the victim with a claw hammer as he lay unconscious on the ground. The policeman who found White testified that "in the back of his head he had a hole about the size of a silver dollar." White later underwent extensive surgery to repair a fractured skull. Approximately one hour after the altercation, appellant was arrested as he sat in his car in a filling station. The arresting

officer testified that he found a level, a tire jack, and a claw hammer in the back seat of appellant's automobile.

Witnesses Thomas White, Billy White and James Helms each identified appellant as the person who possessed the claw hammer during the scuffle. Witness Helms, who was in a position to observe, testified, "I seen him (meaning appellant) raise the hammer and come down with it." The above witness' testimony concerning the type of hammer and the color of its handle was corroborated by the arresting officer. This evidence, if believed by the jury, was certainly sufficient for the jury to find that the appellant was the assailant.

In *Froedge* v. *State* (1968), 249 Ind. 438, 445, 233 N. E. 2d 631, 636, this court stated:

> "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery . . ."

This court is of the opinion that evidence of a fractured skull is sufficient to support a jury finding that "great bodily harm" was inflicted upon Thomas White.

Appellant's brief refers us to numerous cases, most of which deal with circumstantial evidence. Such is not the case here. The testimony reflects an eyewitness account of the incident for which appellant was charged. The fact that witness Helms was engaged in a scuffle at the moment the victim was struck does not require that we find, as a matter of law, that his testimony could not support the jury's verdict. Likewise, the fact that the prosecution failed to introduce the hammer into evidence goes to the weight of the evidence which is a matter for the jury.

For the foregoing reasons we hold that in the instant case there is sufficient and substantial evidence of probative value to justify the verdict of guilty, and that appellant's motion for

a directed verdict was correctly denied. We therefore find that the judgment should be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 409.