ELIJAH C. VALENTINE *v.* STATE OF INDIANA.

[No. 471S123. Filed October 5, 1971.]

*George P. Roberts,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Elijah C. Valentine from a conviction of aggravated assault and battery. The appellant was charged by affidavit with the felony of assault and battery with intent to kill, but he was found guilty of the lesser included offense. Trial was to a jury, and judgment was rendered on the verdict. Appellant was fined one hundred dollars ($100), and sentenced to the Indiana State Prison for a period of not less than one (1) nor more than five (5) years. The fine was suspended because of the imposition of sentence.

The allegations of error raised by appellant on appeal are as follows:

1. That there is insufficient evidence to sustain the jury's verdict.
2. That the trial court erroneously rejected appellant's requested instruction number one which contained a definition of "great bodily harm."
3. That the trial court erroneously rejected appellant's requested instruction number three which related to the charged offense, assault and battery with intent to kill.

The affidavit charging appellant with assault and battery with intent to kill, omitting the caption, reads as follows:

"Diane Macon [complaining witness], being first duly sworn upon her oath, deposes and says: That on or about the 12th day of April, 1970, at and in the County of St. Joseph, State of Indiana, one Elijah C. Valentine did then and there at Olive and Washington Street, South Bend, County and State aforesaid, unlawfully and in a rude, insolent or angry manner touch, strike and wound one Diane Macon, by then and there unlawfully shooting at and against the said Diane Macon with a certain pistol, which the said Elijah C. Valentine then and there had and held in his hands with the intent then and there to unlawfully, feloniously and purposely kill and murder the said Diane Macon, contrary to

the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The statute pertaining to aggravated assault and battery, IC 1971, 35-13-3-1, (Ind. Ann. Stat. § 10-410 [1970 Supp.]), provides, in part:

"Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery. . . ."

In regard to appellant's contention that the evidence is insufficient to sustain the verdict, this Court has stated many times that, when reviewing such an allegation, it will not weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. See, *Thomas* v. *State* (1971), 255 Ind. 131, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

The evidence most favorable to the state, as disclosed by the record, is as follows:

Shortly after midnight on April 12, 1970, a car driven by one Twan Black, in which the complaining witness, Diane Macon, was a passenger, was parked near the intersection of Washington and Olive Street in South Bend, Indiana. An automobile driven by appellant came up behind Black and "bumped" his car, causing the trunk lid to fly open. This was followed by a heated exchange of words between the appellant and Black. While Black stood at the rear of his car, apparently preparing to close his trunk lid, the appellant, armed with a pistol, stepped out of his car and fired the weapon twice in Black's direction. One of the bullets pierced the side window of Black's car, striking Miss Macon in the head. A

witness reported the license number of appellant's automobile to the police, and ownership was traced to appellant. At trial, Valentine was identified by Black, Miss Macon and two other witnesses who were passengers in Black's automobile.

Appellant claims that there was insufficient evidence for the jury to find beyond a reasonable doubt that "great bodily harm" had been inflicted upon the victim, Diane Macon. Great bodily harm is a material element of the crime of aggravated assault and battery as defined by IC 1971, 35-13-3-1 (Ind. Ann. Stat. § 10-410 [1970 Supp.]). This contention is based on the fact that there was no medical testimony from any of the attending nurses or physicians, or from anyone else, regarding the extent of the injury sustained by Miss Macon.

This contention is without merit. Expert medical testimony certainly isn't required in this case to establish the material element of "great bodily harm." The evidence reveals that Miss Macon was wounded in the head. She was taken to the hospital where surgery was performed to remove a .38 caliber slug from her left temple. Sergeant William Floring of the South Bend Police Department testified that he was present when the bullet was removed by a Dr. Barron. Miss Macon was hospitalized for one week following the surgery. This court is of the opinion that this evidence is sufficient to sustain the jury finding beyond a reasonable doubt that great bodily harm was inflicted upon Miss Macon.

It isn't necessary that the injury be so great that it is permanent or disabling in nature. In *Froedge* v. *State* (1968), 249 Ind. 438, 445, 233 N. E. 2d 631, we stated:

"Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery. . . ."

It is difficult to understand how appellant can seriously contend that a gunshot wound in the head should be found to be an injury that is slight or trivial in nature. When the injury inflicted is of such a serious and violent nature that it could reasonably result in the loss of health, life or limb, a jury finding of great bodily harm will be sustained. Based on the facts of this case, it is certainly through no effort or act of appellant that Miss Macon fortuitously survived to become the prosecuting witness in this action.

Appellant's second allegation of error is that the trial court erroneously refused his requested instruction number one which relates to lesser included offenses. Appellant concedes that this instruction is substantially identical to the trial court's instruction on these matters, except that the trial court's instruction did not contain a definition of "great bodily harm" as defined by this Court in recent decisions. Appellant contends that the jury was entitled to have the benefit of whatever clarification this Court has given to that phrase as used in IC 1971 35-13-3-1, (Ind. Stat. § 10-410 [1970 Supp.]), and that the refusal to give such clarification amounted to a denial of his right to a fair trial.

The relevant portion of the rejected instruction reads as follows:

"The term great bodily harm as used in this statute means 'great' as distinguished from 'slight, trivial, minor or moderate harm'."

Apparently this language is taken from *Froedge* v. *State, supra*. While it would not have been error to include this definition in the instruction, it was certainly not error to refuse it. It should be noted that in the *Froedge* case, which appellant relies upon, this Court also found that the phrase, "great bodily harm," defines itself, and that these words must be taken in their plain, or ordinary and usual sense. Therefore, further clarification of the phrase, great bodily harm, was unnecessary. Since appellant concedes that the

trial court's instruction substantially covered the subject except for the definition in question, there was no error in the trial court's refusal to give appellant's requested instruction number one. See, *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N. E. 2d 525.

Appellant's final assignment of error is the trial court's refusal to give his requested instruction number three. It reads as follows:

"Even if you believe the State's witnesses in this case, Mr. Valentine must be found not guilty of the charge unless you are convinced beyond a reasonable doubt that he consciously and purposely intended to kill and murder the complaining witness."

Appellant contends that this instruction represents a fair statement of the law and a fair application of the doctrine of reasonable doubt to the facts of this case, and that the evidence justified the giving of this instruction.

We cannot agree. In *Hashfield* v. *State* (1965), 247 Ind. 95, 210 N. E. 2d 429, this court held that instructions which are apt to confuse or mislead the jury should not be given. The above instruction is confusing in the sense that it might give the impression that should the jury have found the appellant not guilty of assault and battery with intent to kill, he could not have been found guilty of a lesser included offense. Therefore, the trial court did not err in refusing this instruction.

Also, the tendered instruction relates to assault and battery with intent to kill. The refusal to give this instruction was certainly not harmful to appellant since it relates to an offense of which he was not convicted. See, *Bange* v. *State* (1958), 237 Ind. 422, 146 N. E. 2d 811.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 543.