PAUL HOUSTON *v.* STATE OF INDIANA.

[No. 1-775A120. Filed February 24, 1976.]

*Edgar S. Husted, Husted and Husted,* of Crawfordsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—This action was brought by the State against the defendant-appellant Paul Houston (Houston) charging him under IC 1971, 35-13-3-1 (Burns § 10-410), with aggra-

vated assault and battery. The statute under which he was charged is as follows, to-wit:

> "Aggravated assault and battery — Penalty. — Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one [1] year nor more than five [5] years, to which may be added a fine in any amount not to exceed one thousand dollars [$1,000]."

Houston contends that there is an inadequate distinction between aggravated assault and battery as above set out and the offense of assault and battery as set out in IC 1971, 35-1-54-4 (Burns § 10-403), which reads in part as follows:

> "Assault and battery.—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: . . ."

## FACTS

Wayne Robinette was at a lounge in Crawfordsville when Houston entered the bar and ordered a drink. He then approached a table at which Robinette and a Miss Nichols were sitting and then told Robinette to leave Miss Nichols alone. Robinette suggested that they discuss the matter in the lobby, which discussion was accepted by Houston. Houston started from the lounge and as he did so picked up a beer bottle which he broke on the end of the table and rushed Robinette. A struggle ensued which resulted in Robinette's being badly cut and bleeding profusely.

As a result of the attack Robinette was lacerated on the forearm and back of his head to the extent he needed medical attention. Eight or ten stitches were required to close the wound on Robinette's head while some forty stitches or more were required to close the wound on his forearm. The cut

went half way around his forearm which left a deformity and a numbness and nerve damage at the scar. Robinette lost the extensor tendon to his little finger and cannot straighten it out.

Robinette testified that the condition of his arm was permanent, and that he lost two months work as a result of his injuries.

## DISCUSSION:

Houston was tried to the court without a jury, found guilty and convicted and sentenced for aggravated assault and battery. Houston contends that under the Indiana cases on aggravated assault and battery the injuries sustained by Robinette are not sufficient to uphold a conviction of aggravated assault and battery. In support of this contention he cites many cases where the appellant had been convicted of aggravated assault and battery and in each of which there was an attack that was usually done by shooting or by stabbing and in one instance by striking a man with a claw hammer, fracturing his skull, and to each of which he admits there was evidence of an aggravated assault and battery.

Houston admits in the case at bar there was some conflict in the evidence presented to the trial court and that there was no disagreement as to the fact that Houston was in fact in possession of a broken beer bottle immediately previous to the altercation with Robinette. However, Houston claims he broke the bottle out of anger and was attacked by Robinette. Robinette charges that Houston had lunged at him after breaking the beer bottle. Houston further urges that there was no medical testimony as to the injuries to prove that they were the result of an aggravated assault and battery.

Houston very boldly and frankly "submits to the court as a matter of law some concrete distinction needs to be set forth between simple assault and battery and aggravated assault and battery." He further admits that this court has no authority to reweigh the evidence but that there are

situations involving all levels of harm which may end up being held by this court to be " 'grant bodily harm' if this Court's only task is to only examine the record for the purposes of being certain there is evidence upon which the trial Court or jury might have found the Appellant guilty."

What we are, in fact, being asked to do is to re-define aggravated assault and battery in order that trial courts will have specific guidelines as to what acts are necessary to constitute that offense as distinguished from the offense of assault and battery.

## DECISION

The evidence is admittedly conflicting and such being the case this court has no authority, and will not, weigh the evidence.

The court in *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543, said:

". . . Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. (Cases cited omitted.)" 257 Ind. at 200.

In *Valentine, supra,* the victim was shot in the head and the bullet was removed from the temple. Appellant therein claimed insufficient evidence to prove great bodily harm to the victim for the reason there was no medical testimony regarding the extent of the victim's injury. The Supreme Court held the contention to be without merit and said:

". . . Expert medical testimony certainly isn't required in this case to establish the material element of 'great bodily harm.' The evidence reveals that Miss Macon was wounded in the head. She was taken to the hospital where surgery was performed to remove a .38 caliber slug from her left temple. Sergeant William Floring of the South Bend Police Department testified that he was present when the bullet was removed by a Dr. Barron. Miss Macon was

hospitalized for one week following the surgery. This court is of the opinion that this evidence is sufficient to sustain the jury finding beyond a reasonable doubt that great bodily harm was inflicted upon Miss Macon.

"It isn't necessary that the injury be so great that it is permanent or disabling in nature. . . ." 257 Ind. at 201.

In the case of *Froedge* v. *State* (1968), 249 Ind. 438, 233 N.E.2d 631, the appellant was charged with aggravated assault and battery on one Charles Estes. Estes had a cut over his ear and on his back. The head cut was four to four and a half inches long and required eighteen stitches to close. The cut on the back was nine to ten inches and required forty-four stitches to close. He had been cut by a piece of straight razor. A portion of the defense was that there was no evidence that appellant inflicted great bodily harm or disfigurement. The court refused to disturb the verdict on appeal as there was evidence of probative value to establish guilt beyond a reasonable doubt.

The Supreme Court then defined what constituted bodily harm within the meaning of Indiana Annotated Statutes § 10-410 (Burns Supp. 1967) as follows:

"*Great bodily harm* defines itself and *means great* as distinguished from *slight, trivial, minor* or *moderate harm, and* as such *does not include mere bruises as are likely to be inflicted* in a simple assault and battery under Ind. Anno. Stat. § 10-403 (Supp. 1967). Whether the evidence describing such harm or injury is within the meaning of the statute, Ind. Anno. Stat. § 10-410 (Supp. 1967), is generally a question of fact for the jury. See e.g. *Hallett* v. *State* (1922), 109 Neb. 311, 190 N.W. 862." (Original emphasis.) 249 Ind. at 445.

We are of the opinion that our Supreme Court has adequately defined *great bodily harm* and has determined *it is generally a question of fact for the jury.* We are not at liberty to set forth what we might determine to be concrete distinctions between simple assault and battery and aggravated assault and battery. As above stated, it has been defined

by our Supreme Court, and any change in the law should be made by our General Assembly.

Judgment affirmed.

NOTE.—Reported at 342 N.E.2d 684.