LEVI BARBEE *v*. STATE OF INDIANA.

[No. 677S392. Filed December 6, 1977.]

*Richard E. Sallee,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

DeBruler, J.—Levi Barbee was convicted in the Marion County Criminal Court, Division III, of aggravated assault and battery, Ind. Code § 35-13-3-1 (Burns 1975) repealed October 1, 1977. His appeal was transferred from the Court of Appeals to this Court by order of this Court on June 2, 1977.

On November 20, 1975, appellant was employed as a recreation room supervisor on the Indiana University-Purdue University Indianapolis campus. While attending this recreation room he became involved in an altercation with two students over their use of a pool table. In the course of this altercation appellant struck one of the students with a pool cue. The evidence as to the circumstances of the altercation and the identity of the aggressor is conflicting; the evidence most favorable to the verdict is that appellant struck the student without provocation, while the student was unarmed and attempting to leave the room.

The issue presented on appeal is the sufficiency of the evidence of the element of great bodily harm. The statute in question reads in relevant part:

"Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery. . . ." Ind. Code § 35-13-3-1 (Burns 1975) (Repealed October 1, 1977).

The evidence most favorable to the verdict would indicate that the victim was struck in the side of the head with the

large end of a pool cue swung by appellant. He fell against a pool table, then to the floor, and was unconscious for a few seconds. A witness described the sound of the blow as comparable to a watermelon being dropped on the floor.

The injured student testified that upon regaining consciousness he could not move his mouth. He was hospitalized for x-rays and released. A swelling appeared on the side of his head extending from temple to back and remained for two weeks. The site of the injury was painful for seven weeks and the victim suffered headaches for several months thereafter. Continued difficulty in moving his jaw led the victim to consult his dentist, who diagnosed injury to a muscle involved in moving the jaw. The skin was unbroken and no blood was drawn.

Appellant challenges the sufficiency of this evidence to prove "great bodily harm." There is no contention that appellant inflicted "disfigurement" on the student. He characterizes the injury received by the student as "bruises and a bump on the head," which he contrasts with numerous decisions of this Court and the Court of Appeals involving the sufficiency of more serious injuries to satisfy the great bodily harm element. The existence of many cases involving more serious injury is not dispositive of this case.

> "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery. . . . Whether the evidence describing such harm or injury is within the meaning of the statute . . . is generally a question of fact for the jury." *Froedge* v. *State,* (1968) 249 Ind. 438, 445, 233 N.E.2d 631, 636 (Citations and emphasis omitted.)

Great bodily harm need not consist of permanent or disabling injury; serious and violent injury which could reasonably result in the loss of health, life, or limb will support a jury finding of great bodily harm. *Valentine* v. *State,* (1971) 257 Ind. 197, 273 N.E.2d 543.

We concede that the evidence of the injury inflicted by appellant in this case falls close to the line dividing great bodily harm from "slight, trivial, minor, or moderate harm." We cannot say that the jury was not warranted in finding the harm to be great. There was evidence of a blow to the head with a wooden rod, producing momentary loss of consciousness, resulting in an unusually large and long-lasting swelling, interfering with the functioning of the victim's mouth, and causing pain and headaches long after the injury was received. This evidence is sufficient to support a finding of great bodily harm.

Appellant relies heavily on the undisputed fact that no blood was drawn. The shedding of blood may have served as the *sine qua non* of serious injury in times when anatomy and physiology were less well understood, but it does not so serve today. The failure of appellant's blow to draw blood does not leave the finding of great bodily harm unsupported by sufficient evidence.

The conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 369 N.E.2d 1072.