Dennis BURNETT, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–880A221.

Court of Appeals of Indiana,
First District.

April 14, 1981.
Rehearing Denied June 4, 1981.

Robert L. Bartelt, Jr., Berger, Berger & Bartelt, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant Dennis W. Burnett (Burnett) was convicted of Battery, a Class

C felony, Ind.Code 35–42–2–1(3) (Supp. 1979), following a trial to a jury. The Battery charge was denominated Count II of the charging information. Burnett was acquitted of the offense of Rape, which was charged in Count I. He was sentenced to a term of eight years, and he appeals.

We affirm.

## ISSUES

Burnett raises four issues for review which may be stated as follows:

I. Whether the trial court erred in giving an "Allen charge" to the jury when it was unable to reach a verdict after six hours of deliberation;

II. Whether the evidence was sufficient to support a finding of "serious bodily injury," in order to enhance the offense to a Class C felony under the Battery statute, Ind.Code 35–42–2–1(3);

III. Whether the trial court erred in imposing an additional penalty for aggravating circumstances, in that the court did not state its reasons in the record as required by Ind.Code 35–4.1–1–3, and by considering an unauthenticated record of a prior criminal conviction of the defendant; and

IV. Whether the trial court committed reversible error in admitting hearsay evidence on the complaining witness's physical condition.

*Issue I. "Allen charge"*

■ After the jury had deliberated for about six hours, and the court was informed that it was deadlocked, the trial court gave the jury a supplemental instruction known as an "Allen charge," which, in essence, exhorted the jury to arrive at a decision. The jury then returned to the jury room and, after four more hours of deliberation, did reach a verdict. Burnett contends that such procedure constitutes reversible error.

The instruction given here is identical to the one given in *Guffey v. State*, (1979) Ind.App., 386 N.E.2d 692, with the exception that the instruction here deletes the second sentence of the second paragraph of the Guffey instruction which read, "There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side." The First District of this court held in *Guffey* that no reversible error was committed in giving the instruction, and transfer was denied by our Supreme Court in June, 1979.

However the Fourth District of this court reversed the case of *Lewis v. State*, (1980) Ind.App., 409 N.E.2d 1276 (transfer pending), because of the giving of an "Allen charge" almost identical with that given in *Guffey*. *Lewis* recommended the procedure and instruction set forth in *United States v. Silvern*, (7th Cir. 1973) 484 F.2d 879. Our comparison of the recommended instruction with that in the instant case reveals, in our opinion, a semantic struggle, with no substantial difference in content being detected. The instruction here, and in the *Silvern* instruction, each exhorted the jurors to get on with the work at hand and decide the case. We have examined *Lewis* carefully and, with all due respect to our brethren in that district, are not convinced that the procedural requirement of giving the instruction prior to the jury initially retiring for deliberation, and then repeating it as a supplemental instruction, if necessary, adds anything of substance to *Guffey*.

*Issue II. Serious bodily injury*

■ Here Burnett contends that the evidence is insufficient to support a finding of serious bodily injury, an element required by Ind.Code 35–42–2–1(3) to enhance battery to a Class C felony.

When reviewing the sufficiency of the evidence this court considers only the evidence most favorable to the verdict together with all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value to support each element of the offense the judgment will be affirmed. *Moore v. State*, (1978) 268 Ind. 519, 376 N.E.2d 1129.

The evidence of injury most favorable to support the verdict is as follows: The prosecutrix was a half-sister of Burnett. He lured her into his car on the pretext of some errand, but stopped on a country lane and

proceeded to rape her. She fought him. He grabbed her, choked her, and strangled her, first with one hand and then with two. He knocked a cigarette out of her hand, and against her arm, causing a burn and blister about ¹⁄₃₂ of an inch diameter. Burnett wrestled her to the ground, and with both hands around her throat, beat her head repeatedly against the bumper of the car. He hit her hard in the jaw with his fist at least three times. The rape was then consummated. She described her emotional condition after the attack as "not very good," and her physical condition was very poor because of the injury inflicted upon her head. She was feeling a lot of pain in her head and in the abdominal area. She also suffered vaginal bleeding. To an extent, she lost her hearing for a while. She was dazed from the blows on the head and could not think clearly; she experienced some confusion. She had scratches and bruises over portions of her body, and a stubble of some sort had penetrated and scratched her lower back. A sister-in-law described her as having a swollen face and not looking very good, and recommended her seeing a doctor. A neighbor characterized her as being in a bad way and quoted the prosecutrix as saying her "head hurt real bad."

The statute creating the offense of battery, Ind.Code 35–42–2–1 (Supp.1979) reads as follows:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

(1) a Class A misdemeanor if it results in bodily injury to any other person, or if it is committed against a law enforcement officer or against a person summoned and directed by the officer while the officer is engaged in the execution of his official duty;

(2) a Class D felony if it results in bodily injury to such an officer or person summoned and directed, or if it results in bodily injury to a person less than thirteen (13) years of age and is committed by a person at least eighteen (18) years of age; and

(3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon."

Ind.Code 35–41–1–2 (Supp.1979) defines "bodily injury" as "any impairment of physical condition, including physical pain" and defines "serious bodily injury" as

"bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

No case has been found construing the term "serious bodily injury" under this latter statute, which we regard as being the 1977 Code equivalent of aggravated assault and battery under prior Ind.Code 35–13–3–1. See Indiana Criminal Law Study Commission Comments to West's A.I.C. 35–42–2–1. The essential element of aggravated assault and battery was "great bodily harm or disfigurement." Under that statute great bodily harm need not consist of permanent or disabling injuries; serious and violent injuries which could reasonably result in the loss of health, life or limb would support a jury finding of great bodily harm. *Valentine v. State*, (1971) 257 Ind. 197, 273 N.E.2d 543. Failure to draw blood is not dispositive. *Barbee v. State*, (1977) 267 Ind. 299, 369 N.E.2d 1072. Wrapping a leather belt around fist and hitting victim with buckle several times causing head injuries that required 12 stitches was held to be aggravated assault and battery. *Thomas v. State*, (1975) 164 Ind.App. 647, 330 N.E.2d 325. Whether the evidence describing such harm or injury is within the statute is generally a question for the jury. *Froedge v. State*, (1968) 249 Ind. 438, 233 N.E.2d 631.

The various injuries or impairment that can amount to serious bodily injury are stated in Ind.Code 35–41–1–2 in the disjunctive. Therefore if any one of those impairments exist the evidence will be deemed sufficient. Extreme pain is one of those stated impairments.

The condensation of the evidence relating to injury recited above discloses that the prosecutrix suffered pain as a result of the savage beating about the head, from which the jury could find that she suffered "extreme pain." Further, the evidence was such that the jury could find that the brutal beating about the head created a "substantial risk of death." The mere fact that she did not die, or that she recovered totally, is not dispositive. We therefore are of the opinion that the evidence is sufficient to support a finding of serious bodily injury.

*Issue III. Sentencing*

■ Burnett received the maximum sentence for a Class C felony of eight years. Burnett challenges the sentence because (1) the court did not state in its record its reasons for enhancing the penalty from the standard penalty of five years, and (2) the court considered an unauthenticated record of a prior criminal conviction. In regard to the matter of the court's reasons for enhancing the penalty, the record shows the following:

"Let the record reflect that the court makes a determination based on the examination of the evidence in this case and all the pertinent data provided to the court. The aggravating circumstances in this case outweigh the mitigating circumstances justifying an extenuation [sic] of the sentence. The court now orders that sentence be passed on the defendant. . . ."

In *Marquess v. State*, (1981) Ind.App., 416 N.E.2d 1324, we engaged in the following analysis of the requirements of Ind.Code 35–4.1–1–3:

"ISSUE

Marquess presents a single issue for our review:

Whether the trial court erred by imposing an additional three year sentence above the basic five year penalty for a Class C felony when no specific findings of aggravating circumstances were given.

DISCUSSION AND DECISION

Ind.Code 35–4.1–4–3 (Supp.1978) provides:

'Sentencing Hearing in Felony Cases. Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. *The court shall make a record of the hearing, including:*

(1) a transcript of the hearing;

(2) a copy of the presentence report; and

(3) *if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes.*' (Emphasis added.)

Furthermore, we note, under Ind.Code 35–4.1–4–7(c), (d), factors which the court may consider as aggravating circumstances; the statutes provide:

'(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five (65) years of age or older.

(6) The victim of the crime was mentally or physically infirm.

(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence.'

As Marquess has cited in his appellant's brief, our Supreme Court, in *Page v. State*, (1980) Ind., 410 N.E.2d 1304, 1307–8, *sua sponte*, stated:

'Ind.Code § 35–4.1–4–3 (Burns § 35–40–1A–3) *requires the trial court to make a record of the sentencing hearing, including* " * * * *a statement of the court's reasons for selecting the sentence that it imposes,*" *if it finds aggravating circumstances.* The purpose of such statute is to confine the judge to proper grounds for either increasing or decreasing the presumptive or basic sentence provided for the offense and to enable this Court to determine the reasonableness of the sentence imposed, under the circumstances.

" * * * when a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose that factors were considered by the judge to be mitigating or aggravating circumstances. The scope of review for sentences is now defined within our Rules for the Appellate Review of Sentences: '2(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.' " *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517.

The sentencing record before us contains no statement concerning aggravating circumstances to support the imposition of the enhanced sentence, as required by the statute.' (Emphasis added.)

While the trial court, at the sentencing hearing, pronounced that 'aggravating circumstances . . . outweigh the mitigating circumstances,' it did not proffer any particular reasons in support of its finding aggravating circumstances as Ind. Code 35–4.1–4–3 requires. The court's given reason amounts to a *conclusion only*. The trial judge must justify the added sentence with a statement of par-

ticular facts and circumstances which he considered in finding aggravating circumstances. These reasons or factors may be the same as those listed under Ind.Code 35–4.1–4–7(c) or may be other matters the trial court considered in arriving at the conclusion that aggravating circumstances exist."

The trial court, therefore, erred because it did not state in its judgment its reasons with specificity for enhancing the sentence. We therefore remand this cause with instructions that the trial court enter the findings it made in determining to impose the aggravated sentence.

■ Burnett makes the further argument that the court erred in considering unauthenticated court records of a prior rape conviction of Burnett. We note at the onset that the presentence investigation report which, according to the record, was filed in the trial court is not part of the record on appeal, though a transcript of the sentencing hearing is. Burnett does not challenge the authenticity of the documents, which consist of the court record of a rape conviction of Dennis Wayne Burnett in 1975, the victim being one [E.C.]. The record was verified by the Clerk of the Posey Circuit Court. He argues that there was no proof at the sentencing hearing that the defendant in that case was one and same person as he. He then proceeds to argue that there was no other evidence of criminal conduct on his part to justify the enhancement of the penalty.

■ The trial court in selecting a sentence is not bound by any rigid rules of evidence, including the hearsay rules. It may obtain reports concerning a defendant's life and characteristics. *Hineman v. State*, (1973) 155 Ind.App. 293, 292 N.E.2d 618; *Clemons v. State*, (1974) 162 Ind.App. 50, 317 N.E.2d 859; *Allen v. State*, (1980) Ind.App., 406 N.E.2d 976. Ordinarily, a presentence investigation report contains the criminal history of a defendant. However, Burnett has not favored us with that report. We cannot really intelligently assess Burnett's argument without it. Bur-

nett does not deny that the 1975 rape defendant was he. The trial transcript, in an argument on the admission of evidence, discloses the prior offense and the prior rape of E.C. by Burnett and the conviction thereof. It was not denied in that argument and was conceded by Burnett's counsel. The court was entitled to consider that prior offense in selecting the sentence, and did not err in doing so.

*Issue IV. Hearsay evidence*

The court permitted Deputy Sheriff Jerry Winkleman to testify, over objection, to a conversation at the Welborn Clinic with Steve Frank, a physician's assistant, on May 8, 1979, as follows:

"Steve Frank said he had a patient that had some trauma to the head and upper body and she claims that she had been raped, but he had not examined that part yet, but she did have the trauma."

Burnett claims the evidence of injuries was inadmissible hearsay and the admission thereof was reversible error.

Any error attendant to the admission of this evidence was harmless. Much evidence from several witnesses was given relative to the prosecutrix's injuries to which Burnett did not object. The challenged evidence is merely cumulative, and therefore harmless. *Cooper v. State*, (1974) 261 Ind. 659, 309 N.E.2d 807; 2 I.L.E. Appeals § 620 (1957).

For the above reasons this cause is affirmed with the exception that we remand for the findings, discussed in Issue III, for the enhancement of the sentence. We remand this cause with instructions that the trial court enter its reasons for enhancing the penalty, in accordance with this opinion, and if no reasons are forthcoming, then it is directed to reduce Burnett's sentence to five years.

Affirmed in part; reversed in part and remanded with instructions.

ROBERTSON and RATLIFF, JJ., concur.