Henry RICKS, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–982A253.

Court of Appeals of Indiana,
Third District.

March 29, 1983.

Kenneth R. Watson, Williamsport, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Henry Ricks was tried by the court and convicted of battery causing serious bodily injury, a Class C felony. IC 35-42-2-1.[1]

On appeal Ricks challenges the sufficiency of the charging information and of the evidence to sustain the felony charge.

The information charges that Ricks struck and beat the victim,

"... knocking him to the floor resulting in cuts on his head and causing him to have severe pain in his neck, back and arms and breaking his glasses and causing his face to be cut thereby resulting in serious bodily injury, to-wit: possible severe back injury and extreme and severe pain ...."

This information was sufficient to advise Ricks that he was charged with a public offense, to enable him to anticipate the proof which would be offered against him, and to inform him that the Class C felony was being charged. It was sufficient. *See Mayhew v. State* (1920), 189 Ind. 545, 128 N.E. 599. Furthermore, it must be pointed out that no motion to dismiss the information was filed pursuant to IC 35-34-1-4. *See American Films, Ltd. v. State* (1981), Ind.App., 413 N.E.2d 1091.

The more significant contention concerns the sufficiency of the evidence as this is one of those cases where the extent of the injuries must be characterized.

Initially, we note our rejection of Ricks' contentions concerning provocation and self defense. They merely seek to have us re-

---

1. The statute defines battery as a Class B misdemeanor but provides that it becomes a Class A misdemeanor if it results in "bodily injury" to any other person, or a Class C felony if it results in "serious bodily injury" to any other person.

weigh the evidence adduced at trial. This, of course, we may not do. The evidence favorable to the decision was ample to sustain a finding of battery.

The evidence disclosed that the victim was a somewhat retarded elderly man. He said something to Ricks in a store and Ricks struck him with his open hand. This caused the victim to fall to the floor, and as he fell his head struck a door facing. Ricks then struck him twice with a closed fist.

As a result the victim suffered a laceration to his forehead and a black eye. His eyeglasses were bent. After the attack the victim lay motionless for a minute or so and appeared to be unconscious. Following the incident the victim complained of pain in his neck, shoulder and back which continued until the time of trial approximately a month later. The victim was not hospitalized nor did he see a physician. His guardian testified that for several days following the incident she massaged his back, neck and shoulders and applied an ointment to them to relieve his pain.

The statute under which Ricks was prosecuted is Indiana's current version of the offense traditionally known as aggravated assault and battery. The statute which defined the former offense, IC 35–13–3–1 [repealed] spoke in terms of inflicting "great bodily harm or disfigurement." The litigation concerning that provision determined that the phrase "great bodily harm" was sufficiently meaningful without further statutory definition to satisfy the law's requirements of specificity. Speaking to that point, the Supreme Court in *Froedge v. State* (1968), 249 Ind. 438, 445, 233 N.E.2d 631, 636 stated,

> "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery. (Emphasis omitted).

The value of the court's definition is that it describes the "living thought" which the statute sought to convey. Its disadvantage is that it provides little in the way of specific distinctions which might be applied to review harms suffered which rode close to the margin between great bodily harm and, simply, bodily harm. The court concluded that resolution of that determination would generally constitute a question of fact for the jury. *See also Barbee v. State* (1977), 267 Ind. 299, 369 N.E.2d 1072.

In the enactment of the current criminal code, of which IC 35–42–2–1 is a part, the legislature sought to provide the court's guidance by expressly defining the terms "bodily injury" and "serious bodily injury."

> " 'Bodily injury' means any impairment of physical condition, including physical pain,"

while

> " 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

IC 35–41–1–2.

■ In the case before us it cannot be said that the evidence established *such* unconsciousness, extreme pain or protracted impairment of function, or combination thereof, that it can properly be said that the fact finder was within its province in finding "serious bodily injury." [2]

■ Whether pain is "extreme" or impairment is "protracted" is, of course, a matter of degree. We think the same is to be said of "unconsciousness" in the context of the statute. Momentary unconsciousness without more does not *necessitate* a finding of serious bodily injury. The purpose of the definitional statute is to provide meaning to the requirement that the injury be "serious." It is not its purpose to distort the meaning. Within the framework provided

---

**2.** Since no objections were voiced at trial contending any of the evidence was beyond the issues or at variance with the charging information, we may properly consider all the evidence admitted that bears on the issue. *Roberts v. State* (1964), 245 Ind. 185, 197 N.E.2d 304; *Utley v. State* (1950), 228 Ind. 210, 91 N.E.2d 355.

by the definition it remains for the factfinder to determine the question of degree: that the bodily injury is serious.

■ Accordingly, when we are asked to review that determination we are bound to the standards of appellate review for such factual determinations. Considering the evidence in favor of the judgment, we are limited to ascertaining whether or not there was substantial evidence of probative value from which the factfinder might reasonably have reached its conclusion. *Cornelius v. State* (1981), Ind., 425 N.E.2d 616; *Munsey v. State* (1981), Ind., 421 N.E.2d 1115.

■ We acknowledge that the case before us presents a close question since the injuries inflicted were not of a type close to the core of common understanding of "serious" injury as described by the statute. Nevertheless, there was essentially undisputed evidence from which the court could find that the battery caused unconsciousness, substantial pain and impaired function of the victim's back, neck and shoulders which had endured until the time of trial. The court observed the victim's demeanor on the stand and was entitled to draw upon the impressions gained therefrom. In that regard we cannot ignore that the resultant consequences of these injuries to an eighty-three year old man may be reasonably *factually* more "serious" than they would be to a young athlete. Certainly the record would present a clearer picture had the state proffered competent professional medical evidence concerning the injuries, and we have no hesitation in recommending that course of action in cases of this kind. We cannot say, however, that on the evidence any reasonable factfinder would have been bound to arrive at a contrary conclusion applying the standard of proof beyond a reasonable doubt.

The conviction is therefore affirmed.

HOFFMAN, P.J., and STATON, J., concur.