**Jeff LIPKA, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 883S309.**

Supreme Court of Indiana.

July 2, 1985.

Thomas K. Hoffman, Lowell, for appellant.

Linley E. Pearson, Atty. Gen., Susan Marie Wren, Deputy Atty. Gen., for appellee.

DeBRULER, Justice.

Jeff Lipka, the appellant, was convicted after trial by jury of robbery, a Class A felony, Ind.Code § 35–42–5–1. He received a thirty-five year sentence.

On direct appeal, appellant raises the sole issue of whether there was sufficient evidence to overcome his motion for a directed verdict and support the jury verdict of guilty of robbery, a class A felony. He claims that the evidence did not show that a serious bodily injury was inflicted on the bystander who chased and held him and that, therefore, the evidence only supports robbery as a class B felony.

The evidence shows that appellant robbed Marianne Strezovski in the parking lot of a department store on the evening of November 12, 1982. The victim testified that appellant grabbed her, threatened to kill her with a knife, and demanded her purse. She further testified that appellant forcibly grabbed her purse and ran to a car while she screamed that she had been robbed. A bystander, George Castillo, ran after appellant and grabbed him by the shoulders. He prevented appellant from getting into the car, but appellant managed to stab Castillo in the left chest during the struggle. One of Castillo's friends ran over to help and the two men kept appellant cornered until the police arrived. Castillo's wound was bandaged by a paramedic at the scene and Castillo was sent by ambulance to a hospital. He was treated at the hospital and released that same night. The victim testified that she had not been injured during the incident.

We initially note that in resolving issues concerning the sufficiency of the evidence, this Court will not weigh the evidence nor judge the credibility of witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt, the judgment must be affirmed. *Pyle v. State* (1985), Ind., 476 N.E.2d 124.

The robbery statute under which appellant was charged stated:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person."

Ind.Code § 35–42–5–1 (Burns 1979 Repl.).

■ The jury was properly instructed that the correct interpretation of the statute was that robbery was a class A felony in two situations: "1. When bodily injury resulted to the person being robbed; or 2. when serious bodily injury resulted to any other person." Court's Final Instruction No. 5. This instruction correctly sets out our case law. *Hill v. State* (1981), Ind., 424 N.E.2d 999; *Clay v. State* (1981), 275 Ind. 256, 416 N.E.2d 842.

The jury was also properly instructed on the definitions of bodily injury and serious bodily injury:

"Bodily injury means any impairment of physical condition, including physical pain.

"The law defines 'serious bodily injury' as bodily injury that creates a substantial risk of death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

Court's Final Instruction No. 6; Ind.Code § 35–41–1–2 (Burns 1979 Repl.) (recodified as Ind.Code § 35–41–1–4 and § 35–41–1–25).

■ Appellant claims that the injury to Castillo, who was not the victim of the robbery, was not serious enough to qualify as the "serious bodily injury" necessary to raise the robbery to a class A felony. Whether an injury is "serious" is a matter for the factfinder to determine from the evidence before it. *See Barbee v. State* (1977), 267 Ind. 299, 369 N.E.2d 1072. In this case, the paramedic who treated Castillo at the scene testified about the nature of the injury. He stated that the wound was a "quarter-inch, laceration or puncture wound to the left side of the chest." He also stated that the vital body organs under that area which could be harmed by a knife wound were the pancreas, the spleen, part of the lungs, and the diaphragm.

Appellant points out that there was no evidence that Castillo had any problems breathing or lost consciousness at any time. The paramedic testified that there was "not very much active bleeding" when he treated the wound. Although Castillo was taken to the hospital, he was treated and released the same night. There was testimony that the knife appellant used was a folding pocket knife.

Appellant contends that Castillo's wound is similar to that suffered by the passerby in *Hill v. State* (1981), Ind., 424 N.E.2d 999, where this Court found that a one-quarter inch laceration was not a "serious bodily injury" within the meaning of the statutory definition. However, the facts of this case clearly distinguish it from *Hill*. In *Hill*, the passerby, Bartlett, was struck on the forehead with a toy gun the robber had used to threaten the victim. Bartlett's wound was a quarter-inch laceration on his forehead for which he did not seek any medical treatment.

■ In the instant case, Castillo's wound was not a surface laceration but was a wound which penetrated into his body in an area where several vital organs were in close proximity. He was given medical treatment at the scene and at a hospital. The knife was not a toy. There was evidence that the blow which injured Castillo was a forceful blow which tore the jacket and shirt Castillo was wearing before penetrating his body. Appellant also stabbed at Castillo two other times during the struggle but did not inflict any other significant wounds. The police had to order appellant at gunpoint to drop his knife.

We acknowledge that Castillo's injury was not of a type that would immediately be considered as a "serious" injury without any additional medical testimony and falls close to the line dividing "serious bodily injury" from "bodily injury." However, there was undisputed evidence of the forceful nature of the stabbing blow, the penetration of the body, the proximity of several vital organs, and the need for medical treatment. There was sufficient evidence to support the jury's determination that the bystander in this case suffered a "serious bodily injury." Furthermore, when there is sufficient evidence in the record to support the conviction, refusal to direct a verdict is proper. *Dilworth v. State* (1981), Ind., 425 N.E.2d 149.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.